BRADBURY v. GREEN.

No. 35289.   Dec. 23, 1952.

*251 P. 2d 807.*

Thomas & Thomas, Woodward, for plaintiff in error.

Hieronymus & Wright, Woodward, for defendant in error.

GIBSON, J. Plaintiff in error was a defendant in the trial court, and he appeals from a judgment wherein title to an undivided 14/48th interest in and to all oil, gas and other minerals in and under a certain quarter section of land in Woodward county, was quieted in the plaintiff. Reference will be made to the parties as they appeared in district court.

In 1929 the then owners of the land involved executed a mineral deed conveying an undivided three-quarters of all minerals to plaintiff, which deed was recorded April 17, 1929. Thereafter plaintiff conveyed certain interests to third persons, who are not parties to this action, retaining an undivided 7/16ths interest.

In July, 1934, the owners of the fee executed a real estate mortgage to Federal Farm Mortgage Corporation. As a part of the loan negotiations plaintiff, by written agreement, subordinated an undivided 7/48 of his mineral interests to the lien of the mortgage and thereby waived his prior right in the minerals to that extent, leaving himself an undivided 14/48ths mineral interest.

In February, 1938, the mortgagors having defaulted, the mortgagee began foreclosure proceedings. Plaintiff was made a party to that action. In its petition in foreclosure the transactions concerning the several conveyances and the subordination of mineral interests were set forth in detail, and it was alleged "that the said defendant, J. H. Green, is now the present owner in fee simple of an undivided 14/48 in and to the oil, gas, and minerals in and to said land which is unencumbered to this plaintiff." In its prayer for foreclosure the plaintiff in that action sought no personal judgment against Green, and asked that the mortgage be decreed to be a first lien on all the mortgaged premises except certain undivided mineral interests, including "J. H. Green 14/48 interest." Green was served by publication but he filed no pleading in the foreclosure action.

However, when judgment was rendered, inadvertently or otherwise, it was in form such as to foreclose and bar all rights of all defendants including Green, and a sheriff's deed was later issued and confirmed, conveying all interest in the property to the Federal Farm Mortgage Corporation, judgment creditor, the purchaser at the sheriff's sale.

Thereafter, in 1945, the corporation conveyed, by special warranty deed, the entire property to defendant Bradbury.

In the instant case plaintiff pleads the foregoing facts and says that the Corporation plaintiff in the foreclosure action perpetrated constructive fraud upon the court in representing that this

plaintiff's undivided 14/48th mineral interest was junior and inferior to the mortgage lien and that the court was without jurisdiction to render a judgment, beyond the pleadings, depriving plaintiff of his said interest and that such judgment was void. Plaintiff prays judgment cancelling the judgment in foreclosure and enjoining defendants from enforcing the same or any conveyances based thereon, and for judgment quieting title in plaintiff to said mineral interest.

In its present judgment the trial court made extensive findings adverse to defendant's interests and contentions, and rendered judgment quieting plaintiff's title in 14/48th mineral interest in said real estate.

The judgment in the foreclosure action was rendered May 13, 1938. The present action was commenced February 7, 1950. In his briefs defendant attacks the judgment in the instant case on the theory that the action was barred by the statute of limitations and by laches. He says that it is an action for relief on the ground of fraud and barred by the two-year statute, 12 O.S. 1951 §95, subd. 3, or that it is an action for the recovery of real estate sold on execution and barred in five years from recordation of the sheriff's deed under Tit. 12 O.S. 1951 §93 (1). Defendant cites several cases construing the cited statutes, but, as we view this record, such citations are not in point.

This is an action to quiet title to an undivided interest in minerals under land. The recitals in plaintiff's petition concerning the history of the foreclosure action were descriptive of a cloud cast upon plaintiff's title by a judgment beyond the issues tendered in the foreclosure action and the deeds resultant therefrom.

The petition filed in the foreclosure action did not attempt foreclosure of plaintiff's mineral interest of 14/48ths. In fact, it specifically excepted such interest both in the body and in the prayer of the petition. However, the judgment, with Green in default of a pleading, went beyond the issues tendered by the pleadings and attempted to subject the entire property, including Green's mineral interest, to the mortgage lien. In so departing from the issues presented the judgment was in excess of the court's jurisdiction and was void.

In Hester v. Watts, 203 Okla. 97, 218 P. 2d 641, this court held:

"When a judgment in foreclosure of real estate mortgage, whether by inadvertence or otherwise, purports to foreclose an interest in the oil and gas rights which is prior and paramount of record to the mortgage, without any reason therefor being alleged or shown, the holder of such interest is entitled to attack such foreclosure in an action to quiet his title against the mortgagee who purchased at the foreclosure sale."

In the Hester case we applied the rule announced in the earlier case of State ex rel. Com'rs of Land Office v. Reynolds et al., 201 Okla. 400, 206 P. 2d 184. In both cases plaintiffs in error urged the same contentions, under the same statutes, with reference to the action being barred by the statute of limitations, as are being urged in the instant case. See, also, State ex rel. Com'rs of Land Office v. Brinkman et al., 202 Okla. 225, 211 P. 2d 801.

The above-quoted rule of the Hester case and the Reynolds case was followed in the more recent decision in Noble v. Kahn, 206 Okla. 13, 240 P. 2d 757. Therein, after holding that the purchaser at a sheriff's sale in a foreclosure proceeding acquired no title to a prior and paramount title to mineral interests, we further held that the doctrine of bona fide purchaser, without notice, does not apply where there is a total absence of title in the vendor and that the good faith of a purchaser cannot create a title where none exists. We further held that the purchaser from one in whom title has been vested by a judicial decree is chargeable with notice of defects apparent on the face of the record in the proceedings in which the decree was entered. The rule which governs this case is an an-

cient rule. Early decisions by this court were reviewed in Standard Savings & Loan Ass'n v. Anthony Wholesale Grocery Co., 62 Okla. 242, 162 P. 451.

We have limited our citations to cases dealing with prior and paramount mineral interests appearing of record. In all of the above cases such priority was established by the record. In none of them did such priority appear, on the face of the foreclosure petition, to be specifically excepted from foreclosure, as in the instant case. For such a case see Bishop v. Franks, 188 Okla. 196, 107 P. 2d 358.

Let us assume in the foreclosure action that, following service of process, Green had gone to the courthouse and had read the petition on file. He would have seen that 7/48 of his minerals were being subjected to the foreclosure. This would have been satisfactory as it was in accord with his own written agreement of subordination of that portion of his minerals. He would also have seen that plaintiff had specifically pleaded that Green was the owner of an undivided 14/48 of the minerals "unencumbered to this plaintiff." He had a right to reply upon that pleading and to decide that he need not employ counsel to make any manner of appearance for him. When, following his default of an appearance, a journal entry of judgment is presented to the court, which judgment is entirely beyond the issues presented by the petition, depriving Green of the property that the petition had asserted belonged to him, without any allegation in the petition, or in any subsequent pleading, showing his interest to be junior to the mortgage, such judgment was void. Neither the purchaser at the sheriff's sale nor his grantee acquired any title to plaintiff's minerals, and the trial court properly rendered judgment quieting plaintiff's title thereto.

Affirmed.

HALLEY, V. C. J., and WELCH, CORN, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.