John CLAY, Appellant,

v.

SUN RIVER MINING COMPANY, a corporation, Appellee.

No. 6763.

United States Court of Appeals Tenth Circuit.

March 15, 1962.

Rehearing Denied April 16, 1962.

Don A. Smith, Muskogee, Okl. (P. H. Hardin, Fort Smith, Ark., was with him on the brief), for appellant.

Charles Hill Johns, Oklahoma City, Okl. (Jack H. Coleman, Oklahoma City, Okl., E. E. Thompson, Poteau, Okl., for appellee.

Before PICKETT, LEWIS and HILL, Circuit Judges.

HILL, Circuit Judge.

This controversy is the aftermath of several lawsuits between John Clay, ap-

pellant here, and his wife, Gladys, all growing out of their marital difficulties. The Clays were residents of the State of Arkansas but John owned property in LeFlore County, Oklahoma, where Gladys first commenced an action against him, praying for separate maintenance, division of property acquired jointly by the parties, alimony and child support and custody. The summons in that action was directed to the Sheriff of Sequoyah County, Oklahoma, who made a return showing Clay not found in that County. The court then directed that service be made upon the defendant by one James Wilson, who return of summons recited that personal service had been had upon Clay in LeFlore County. Clay did not appear in that action and on September 5, 1958, a default judgment was entered therein, awarding separate maintenance to Gladys together with custody and support of a minor child. In addition to the award of permanent alimony in a lump sum of $150,000, the court gave to Gladys certain personal property and in connection therewith declared "all mining equipment of whatever description located in LeFlore County, Oklahoma" to be the property of Gladys. Four days later, and on September 9, 1958, Gladys conveyed the mining equipment to the appellee here, Sun River Mining Company, by a bill of sale.

On September 15, 1958, Clay brought suit in the District Court of LeFlore County, Oklahoma, against Gladys and her attorneys of record to set aside the judgment of September 5, and alleged that judgment to be void because Gladys was not a resident of Oklahoma; that Clay had never been served with summons in the case; that Wilson's return of summons was false and untrue; and that said judgment was void upon its face as shown by the judgment roll. On December 19, 1958, the case proceeded to trial and as a result thereof the court determined that the judgment entered in that court on September 5, 1958, was void because it was obtained by fraud practiced upon the court; that the judgment as rendered was entirely and completely beyond and not within the issues framed by the pleadings; that the court was without power to render the judgment; and that the judgment was void upon its face as shown by the judgment rolls.

Clay also brought suit for divorce against Gladys in the County of their residence in the State of Arkansas and on November 20, 1958, wherein a divorce was granted to Clay and a judgment obtained holding the September 5 Oklahoma judgment was obtained by fraud practiced upon the court and was void upon its face because it purported to adjudicate issues beyond those raised by the petition therein.

The action was originally instituted on March 2, 1959, in the District Court of LeFlore County, Oklahoma, by appellee, Sun River Mining Company, to quiet its title to the mining equipment it had purchased from Gladys on September 9, and named John Clay as the defendant. Clay removed the action to the United States District Court for the Eastern District of Oklahoma and answered denying appellee's claim of ownership, and counterclaimed, charging appellee with conversion and prayed to recover damages by reason thereof. Trial was had to the court without a jury and the trial judge found among other things that Gladys Clay had good title to the mining equipment in question by reason of the judgment entered in the District Court of LeFlore County, Oklahoma, on September 5, 1958, in the separate maintenance action; that the order of that court was valid on the face of the judgment roll at the time of the purchase; that the parties acted in good faith; that the appellee had no notice that the judgment of September 5, 1958, had been improperly obtained; and that the mining equipment in question had been purchased by appellee for a valuable consideration.

Our determination of whether or not the September 5 judgment in the District Court of LeFlore County was valid on the face of the judgment rolls will dispose of all questions presented here.

■■ It is the law of Oklahoma that "a purchaser who is not a party to the proceedings is not bound to look beyond the judgment, if the facts necessary to give the court jurisdiction appear on the face of the pleadings. If the jurisdiction has been improvidently exercised, it is not to be corrected at the expense of one who had the right to rely upon the order of the court as an authority emanating from a competent source." Pettis v. Johnston, 78 Okl. 277, 190 P. 681. See also Bradburn v. McIntosh, 10 Cir., 159 F.2d 925; Eudaly v. Superior Oil Co., Okl., 270 P.2d 335; Harjo v. Johnston, 187 Okl. 561, 104 P.2d 985, 995. A judgment will not be held to be void on its face unless an inspection will affirmatively disclose that the court had no jurisdiction of the person, no jurisdiction of the subject matter, or had no judicial power to render the particular judgment. Sabin v. Levorsen, 193 Okl. 320, 145 P.2d 402; Bradbury v. Green, 207 Okl. 586, 251 P.2d 807; Oklahoma City v. Robinson, 179 Okl. 309, 65 P.2d 531.

No contention is made that an inspection of the judgment roll would show that the District Court of LeFlore County, Oklahoma, did not have jurisdiction of the persons involved or the subject matter thereof. It is contended, by appellant that, under Oklahoma law, the courts do not have power to make a division of property in a separate maintenance action. The Oklahoma statute vesting authority to grant relief in divorce cases is 12 O.S.A. § 1275, which provides:

"The parties appear to be in equal wrong shall not be a basis for refusing to grant a divorce, but if a divorce is granted in such circumstances, it shall be granted to both parties. In any such case or where the court grants alimony without a divorce or in any case where a divorce is refused, the court may for good cause shown make such order as may be proper for the custody, maintenance and education of the children, and for the control and equitable division and disposition of the property of the parties, or of

either of them, as may be proper, equitable and just, having due regard to the time and manner of acquiring such property, whether the title thereto be in either or both of said parties."

12 O.S.A. § 1284 vests the authority to grant relief in separate maintenance suits, and provides:

"The wife or husband may obtain alimony from the other without a divorce, in an action brought for that purpose in the district court, for any of the causes for which a divorce may be granted. Either may make the same defense to such action as he might to an action for divorce, and may, for sufficient cause, obtain a divorce from the other in such action."

■ The Oklahoma decisions are to the effect that separate maintenance actions contemplate a continuance of the marital relation, and their purpose is to provide only for the present needs of the wife pending a reconciliation or a permanent dissolution of the marriage. Anderson v. Anderson, 140 Okl. 168, 282 P. 335, 74 A.L.R. 1231; Harden v. Harden, 182 Okl. 364, 77 P.2d 721; Williams v. Williams, 103 Okl. 194, 229 P. 797; Lewis v. Lewis, 39 Okl. 407, 135 P. 397; Strong v. Strong, Okl., 299 P.2d 148, 74 A.L.R.2d Anno. 318, 335, 336.

The appellee contends that this case comes within the rule announced in Woodroof v. Barrington, 199 Okl. 125, 184 P.2d 771, where the court upheld a final judgment for separate maintenance and a division of the property between the parties. In other words, it is said that the action is one brought under Section 1275, which authorizes the court to make an equitable division of the property of the parties, in case alimony is granted without a divorce, and was not one for separate maintenance as contemplated by Section 1284. In Woodroof v. Barrington, the court recognized the rule of Anderson v. Anderson, supra, and subsequent cases, that in an action for alimony or sepa-

rate maintenance, the trial court was without authority to divide the property of the parties. The distinguishing feature of the case is that it was an action for divorce, alimony and a division of property, and that after the case had been submitted, the plaintiff advised the court that she preferred a decree of separate maintenance instead of divorce, together with a settlement of all property rights between the parties. This procedure was agreed to by the husband. Other Oklahoma cases approving property settlements, where alimony was granted without divorce, were all divorce actions in the first instance or became such by subsequent pleadings, not separate maintenance actions. If the appellee's position is adopted, Section 1284 loses its efficacy and the decision of Anderson v. Anderson and those which recognize its validity, are overruled.

A careful reading and study of Section 1275 and the cases cited by appellee does not convince us that the statute was intended to apply to separate maintenance actions. We are compelled to follow Anderson v. Anderson, supra, and the subsequent decisions in conformity therewith.

■ In our determination of the question before us, we must also give consideration to the judgment of December 19, 1958, in the District Court of LeFlore County, wherein that court expressly held the September 5 judgment of the same court to be void upon its face as shown by the judgment rolls.

■ This Court, in B. F. Goodrich Company v. Hammond, 10 Cir., 269 F.2d 501, 506, stated:

"* * * [w]here jurisdiction rests solely on diversity of citizenship and there is no controlling decision by the highest court of a state, a decision by an intermediate court should be followed by the Federal court, absent, as here, of convincing evidence that the highest court of the state would decide otherwise."

The Supreme Court of the United States has had occasion to decide the very issue now under consideration. See Fidelity Union Trust Co. v. Field, 311 U.S. 169, 177, 178, 61 S.Ct. 176, 85 L.Ed. 109; Six Companies of California v. Joint Highway Dist. No. 13, 311 U.S. 180, 188, 61 S.Ct. 186, 85 L.Ed. 114; West v. American Tel. & Tel. Co., 311 U.S. 223, 227, 61 S.Ct. 179, 85 L.Ed. 139; Stoner v. New York Life Insurance Co., 311 U.S. 464, 468, 61 S.Ct. 336, 85 L.Ed. 284.

In Field, supra, 311 U.S. 169 at 177, 61 S.Ct. at 178, 85 L.Ed. 109, the court stated: "The highest state court is the final authority on state law * * *, but it is still the duty of the federal courts, where the state law supplies the rule of decision (Judiciary Act of 1789, § 34; R.S. 721, 28 U.S.C.A. 725),[1] to ascertain and apply that law even though it has not been expounded by the highest court of the State. See Ruhlin v. New York Life Insurance Co., 304 U.S. 202, 209 [58 S.Ct. 860, 82 L.Ed. 1290]. An intermediate state court in declaring and applying the state law is acting as an organ of the State and its determination, in the absence of more convincing evidence of what the state law is, should be followed by a federal court in deciding a state question. We have declared that principle in West v. American Telephone & Telegraph Co." (311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139).

■ We conclude that the action which culminated in the September 5, 1958 judgment was brought under 12 O.S.A. 1284; that the court was without judicial power to make a division of property between the parties; the judgment under which appellee derived its title was void upon its face as shown by the judgment rolls; and that appellant, John Clay, is the owner of the mining equipment in question.

The judgment of the court below is reversed and the case is remanded, with

1. Now 28 U.S.C.A. 1652.

directions to enter judgment in favor of the defendant on plaintiff's cause of action against the defendant, and to grant a new trial upon defendant's counterclaim against the plaintiff and the cross-defendants.