WILL ROGERS BANK & TRUST COMPANY, an Oklahoma banking corporation, Appellant,

v.

FIRST NATIONAL BANK OF TAHLEQUAH; Hal H. Harris; and the Guaranty Bank & Trust Company, Appellees.

No. 62164.

Supreme Court of Oklahoma.

Dec. 3, 1985.

Jerome S. Sepkowitz, Oklahoma City, for appellant.

Jack Bliss, Tahlequah, for appellee, First Nat. Bank of Tahlequah.

Monte W. Strout, Kathy Carter-White, Tahlequah, for appellee, Harris.

James E. Britton, Hastie & Kirschner, Oklahoma City, for appellee, Guaranty Bank & Trust.

ALMA WILSON, Justice.

This is an appeal from the trial court's summary judgment in favor of Hal H. Harris, an alleged *bona fide* purchaser of real property, vis-a-vis the claim of Will Rogers Bank and Trust Company to a judg-

ment lien under 12 O.S. 1981 § 706.[1] The issue presented is whether, absent any active fault on the part of a judgment creditor, failure to properly record and index a creditor's money judgment under the name of the judgment debtor vitiates the filing as to third parties who, without notice, purchase the realty in another county. We are of the opinion that misindexed judgments can not be considered as properly filed within the meaning of 12 O.S. 1981 § 706 and do not, therefore, perfect judgment liens provided by that statute.

The facts upon which the trial court granted summary judgment are not in dispute. On May 13, 1981, Will Rogers Bank and Trust Company [Appellant] obtained a joint and several money judgment against Omar J. Morgan, and other judgment debtors, in the District Court of Oklahoma County. Thereafter, Appellant sought to perfect a judgment lien upon the real property of Morgan located in Cherokee County, Oklahoma. Appellant delivered a certified copy of the Oklahoma County District Court judgment to the office of the county clerk of Cherokee County for public recordation. On July 8, 1981, a deputy of the Cherokee County clerk accepted the certified copy for filing as a public record, but failed to properly record and index the judgment alphabetically under the name of *each* of the joint and several judgment debtors. Rather, a single entry in the judgment docket appeared as follows:

Judgment Debtor

McCoy, Bill E, M. Bruce Walkup

Gene Stinchomb-Omar J. Morgan

The single entry was alphabetically indexed only under the name of McCoy. No judgment entry in the docket was indexed under the name of Morgan. Subsequently, without knowledge of Appellant's prior attempt to perfect a judgment lien on the property which forms the subject matter of

this litigation, the First National Bank of Tahlequah took title to the property by warranty deed executed by Morgan on September 30, 1981. Relying upon title examination and abstract, the First National Bank of Tahlequah, in turn, sold the property to Hal H. Harris. At the time of Harris' purchase the title was represented to be marketable under Oklahoma Title Examination Standards, as evidenced by title opinion, and Harris had no personal knowledge of the in personam judgment of Will Rogers Bank and Trust Company against the Tahlequah bank's predecessor in title, Morgan. Harris, then in turn, mortgaged the realty to Guaranty Bank and Trust Company to secure the sum of $220,000, representing the realty as unencumbered by any prior liens or claims. Over a year later, on December 29, 1983, the appellant, Will Rogers Bank and Trust Company instituted this action asserting a lien on the property previously owned by Harris. Appellant joined First National Bank of Tahlequah and Guaranty Bank and Trust Company to the action as party defendants, seeking adjudgment of their right, title and interest in and to the real property, if any, as inferior to Appellant's own alleged interest on the assumption that its act of presentment of the Oklahoma District Court judgment to the office of the Cherokee County clerk and the literal stamping of "filed" on the document constituted adequate statutory notice filing so as to perfect a judgment lien against the property of Morgan located in Cherokee County relating back to July 8, 1981. The trial court disagreed and granted summary judgment to Harris. On the basis of this ruling the trial court also dismissed with prejudice Appellant's suit against First National Bank of Tahlequah and Guaranty Bank and Trust Company, as well as dismissing Guaranty's counter claim and cross-petition as moot.

1. The relevant statute, 12 O.S. 1981 § 706 provides as follows:

Judgments of courts of record of this state and of the United States shall be lines on the real estate of the judgment debtor within a county after a certified copy of such judgment has been filed in the office of the county clerk

in that county. No judgment, whether rendered by a court of the state or of the United States, shall be a lien on the real estate of a judgment debtor in any county until it has been filed in this manner. Execution shall be issued only from the court in which the judgment is rendered.

On appeal, Will Rogers Bank and Trust Company complains that it did all that the current version of § 706[2] literally requires. The certified copy of the Oklahoma District Court judgment contained the information required; it was delivered to the office of the Cherokee County clerk; and it was stamped "filed" on July 8, 1981. Thus, according to the appellant bank, its judgment then and there became a valid lien against the real property of Morgan situated in Cherokee County. We disagree.

█ It has long been established that a judgment for *money only* does not become a lien on the realty of a judgment debtor unless and until it is duly entered on the judgment docket of the county in which the realty is located. *Smith v. Citizens Nat. Bank in Okmulgee*, 204 Okl. 586, 232 P.2d 618 (Okl.1951). We believe this to be the better rule. We remain unpersuaded by Appellant's urgings that the Oklahoma legislature by its revision[3] of § 706 in 1978 intended to require only the physical delivery of an in personam money judgment to the county clerk's office to secure a lien upon the judgment debtor's real property in that county. The very reason for requiring any filing in the office of the county clerk of any county is to give *notice* to the world. The filing requirement of § 706 therefore must be construed as directing the performance of all those incidents of filing necessary to give notice of the lien claim to inquiring third parties. Otherwise, as submitted by First National Bank of Tahlequah, a county clerk could throw all the documents in an apple barrel in his or her office, through which the public could dig to determine if any person had a lien, mortgage or judgment against them or their property. We conclude the filing requirement of § 706 encompasses more than literally stamping the document "filed"; it behooves the county clerk to properly record or index the document as an incident of his or her statutory filing obligation. Filing, within the meaning of § 706, includes proper recordation of the subject matter in a manner so as to render orderly the retrieval of necessary information.

█ The erroneous recordation and misindexing of the Appellant's Oklahoma District Court money judgment against Morgan rendered unperfected the lien claimed on Morgan's realty in Cherokee County. The right of Harris, a *bona fide* purchaser for value, and other third parties without notice, to the realty is superior to the right of Appellant.

The trial court's summary judgment is AFFIRMED.

SIMMS, C.J., DOOLIN, V.C.J., and LAVENDER, HARGRAVE and SUMMERS, JJ., concur.

**2.** Id.

**3.** Oklahoma's statute until 1978 recited "filing" and "docketing" as requisite to a judgment lien. The prior version of 12 O.S. 1971 § 706 stated:
Judgments of Courts of record of this State, except county Courts, and of the United States rendered within this State, shall be liens on the real estate of the judgment debtor within the County in which the judgment is rendered from and after the time such judgment is entered on the Judgment Docket, *but such judgment shall not be a lien on the real estate of the judgment debtor in any other County in this State until a certified copy of such judgment shall be filed and docketed in such county, as hereinafter provided, and shall not be a lien upon the real estate of the judgment debtor in any County in this state, except in all counties where a permanent record of the judgments of the United States Court is kept open to the public, until a certified copy of* such judgment shall be filed and docketed in the Office of the State District Court Clerk of the county wherein the real estate is situated. An attested copy Journal Entry of such judgment, together with a statement of the costs taxed against the Debtor in the case, may be filed in the office of the Clerk of the District Court of any county and such judgment shall be a lien on the real estate of the debtor within that county from and after the date of the filing and entering such judgment on the Judgment Docket. The Clerk shall enter judgment on the appearance and Judgment Dockets in the same manner and within the same time after such judgment is filed in his office as if rendered in the court of which he is clerk. Execution shall only be issued from the court in which the judgment is rendered, or in which a transcript of a County Court Judgment is first filed. [Emphasis added.]

HODGES and OPALA, JJ., concur in result.

KAUGER, J., disqualified.