In re BANDELL INVESTMENTS, LTD., a Colorado Corporation, Debtor.

BANDELL INVESTMENTS, LTD., Plaintiff/Appellant,

v.

CAPITOL FEDERAL SAVINGS AND LOAN ASSOCIATION OF DENVER, Defendant/Appellee.

Civ. A. No. 87–K–1229.
Bankruptcy No. 87 B 04101 M.

United States District Court, D. Colorado.

Nov. 19, 1987.

David Schwartz, and Roger P. Barrick, Zimmerman & Schwartz, Denver, Colo., for plaintiff/appellant.

Charles Greenhouse, Hall & Evans, Denver, Colo., for defendant/appellee.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is an appeal from an order of the United States Bankruptcy Court for the District of Colorado of July 31, 1987 dismissing debtor's complaint to determine the validity, extent or priority of a lien. It raises a number of interesting questions of law. I assume jurisdiction pursuant to 28 U.S.C. § 158(a) and Bankruptcy Rule 8001(a).

Jimmie W. Lloyd was at all material times the President, sole shareholder and director of debtor. He also occupied the position of secretary of the Picture Show Company.

On May 1, 1985, acting in his latter capacity, Lloyd executed a promissory note in favor of defendant. This was secured by a Deed of Trust on certain real property known as the Telluride Opera House. On May 9, 1985 the Telluride Opera House was conveyed to Debtor by the Picture Show Company by a quit claim deed.

The quit claim deed to Bandell was recorded with the Clerk and Recorder of the County of San Miguel, Colorado on May 10, 1985 at 10:00 a.m.. Defendant filed the deed of trust on the same day at 1:00 p.m.

Lloyd had knowledge of the subject Capitol Federal deed of trust on May 9, 1985 (Stipulation ¶ 11). Debtor had knowledge of the deed of trust on the same date (Stipulation ¶ 12). Lloyd, however, assumed the deed of trust had been recorded before May 9 (Stipulation ¶ 10).

Debtor filed a voluntary petition under Chapter 11 on April 10, 1987. The complaint to determine the validity, extent or priority of the lien against Capitol Federal Savings requesting that the deed of trust of May 1 be declared invalid, was filed on April 27.

Debtor's complaint presented two causes of action. First, it maintained defendant's Deed of Trust was invalid against it pursuant to Colo.Rev.Stat. 38–35–109. Second, it claimed the trustee's "strong arm powers" pursuant to 11 U.S.C. § 544 enabled it to invalidate the deed of trust.

The court issued a memorandum opinion and order on the matter on July 31. It rejected both arguments. Relying upon a stipulation filed by the parties, it found debtor had notice of defendant's deed of trust as of May 9, 1987. This, it held, precluded reliance upon either 11 U.S.C. § 544(a)(3) or Colo.Rev.Stat. 38–35–109.

Debtor forwards four grounds for appeal. First, it argues defendant's deed of trust did not attach to the property in question. Second, it maintains the court erred in imputing to the trustee actual notice of the deed of trust. Third, it asserts the court erred in imputing to the trustee constructive notice of the deed. Finally, it maintains the court erred in not holding that defendant had failed to meet the required burden of proof regarding constructive notice of the deed of trust. Rather than stating four separate issues, however, each of these grounds is closely interlinked. At the nub of this appeal lies the question of whether the trustee should be imputed with notice, actual or constructive, of the first executed but last registered deed of trust.

11 U.S.C. § 544(a)(1) and (3) reads as follows.

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by,

(1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains at the time of the commencement of the case, whether or not such a purchaser exists.

■ Two interpretations of the extent of the "strong arm" powers conferred upon the trustee have been proffered. The first is that forwarded by the Fourth Circuit in *In re Hartman Paving, Inc.*, 745 F.2d 307 (4th Cir.1984). According to this view, the court should look to the applicable state law to determine whether a debtor-in-possession with actual notice of the deed of trust should be allowed to avoid the instrument under the section. If not, the trustee is unable to rely upon § 544(a).

*Hartman Paving* has been the subject of much criticism, and has been expressly disavowed, *In re Sandy Ridge Oil Co., Inc.*, 807 F.2d 1332 (7th Cir.1986). It has been argued the decision does violence to the language of the section. Property law generally does not protect a purchaser with actual knowledge and the interpretation forwarded in *Hartman Paving* renders otiose the "actual knowledge" clause of § 544(a). Further, the Fourth Circuit view also fails to note the distinction between § 544(a)(3) in which the term "bona fide purchaser" is qualified by the words "against whom applicable law permits such transfer to be protected" and the "without regard to any knowledge" clause in § 544(a), after which no such qualification

appears. "The majority opinion of the Fourth Circuit breaks down when it concludes that the previous knowledge of the debtor is imputed to him as debtor-in-possession.", *In re Matos*, 50 B.R. 742, 744 (N.D.Ala.1985), *appeal dismissed as moot*, 790 F.2d 864 (11th Cir.1986)

I agree. Actual knowledge of the parties is irrelevant to § 544(a). Where such actual knowledge exists, it cannot be imputed to the trustee. Insofar as the trial judge based his finding that the trustee was prevented from exercising his "strong arm" powers by the actual knowledge of Bandell Investments of the deed of trust, he was mistaken.

■ The judge, however, also found the trustee had constructive notice of the encumbrance. To determine whether this was the case under § 544(a), the trustee must be placed in the position of a hypothetical purchaser at the time of the filing of bankruptcy, *In re Matos*. The matter is from here governed by state law, *McCannon v. Marston*, 679 F.2d 13 (3d Cir.1982).

The question which arises then is whether under Colorado law a purchaser at the time of the filing of bankruptcy should be imputed with constructive notice of the interest of Capital in the Telluride Opera House, as recorded in the appropriate fashion.

Defendant, relying upon the provisions of the Race Notice Statute, Colo.Rev.Stat. § 38–35–109(1) asserts it does. Debtor, on the other hand maintains that in order to give rise to constructive notice, the encumbrance must appear on the chain of title. No evidence was presented to this effect, it argues, and accordingly, at most the matter should be remanded for an appropriate determination.

The encumbrance here was properly recorded in the office of the County Clerk and Recorder. I am satisfied that under Colorado law a purchaser is deemed to have constructive notice of instruments so registered, *Arnove v. First Federal Savings and Loan*, 713 P.2d 1329 (Colo.App. 1985). In *Grynberg v. City of Northglenn*, 739 P.2d 230, 238 n. 8 (Colo.1987), the Colorado Supreme Court equated apparent ir-

regularities on the chain of title with the contents of the county clerk and recorder's records. The trial judge here found the trustee precluded from exercising its strong arm powers by constructive notice of the prior encumbrance. I affirm.

Defendant's argument to the effect no security interest attached to the property in the first place is similarly misplaced. Colo.Rev.Stat. § 38–35–109 defines the priority of security interests in contexts such as the present one. An unrecorded instrument is invalid against any person with rights who first records *except between the parties thereto and such as have notice thereof.* The stipulation here was quite clear in its determination that debtor had notice of the deed of trust when recording the conveyance to it of the property. *In re Smythe,* 28 B.R. 882 (Bkrtcy.Colo.1983) *aff'd* 32 B.R. 736 (D.Colo.1983) on which defendant seeks to rely and in which no prior notice existed, is accordingly inapposite. This ground must also fail.

Accordingly it is ORDERED this appeal is dismissed.