Janet WATKINS, Plaintiff–Appellant,

v.

Gregory L. WATKINS,
Defendant–Appellee.

No. 90–7002.

United States Court of Appeals,
Tenth Circuit.

Jan. 14, 1991.

Austin R. Deaton, Jr. of Deaton & Davison, Ada, Okl., for plaintiff-appellant.

Richard C. Lerblance, Hartshorne, Okl., for defendant-appellee.

Before LOGAN, SEYMOUR and TACHA, Circuit Judges.

LOGAN, Circuit Judge.

Janet Watkins and Gregory Watkins divorced in Oklahoma in 1986. One of the assets, apparently owned in joint tenancy by the two parties, was a tract of commercial real estate in the same county as that in which the divorce proceedings were held. The divorce decree set aside, in a formal judgment of the court, the commercial real estate as a separate property to the husband, because it contained his dental office. It awarded the wife alimony to be paid over a certain period of time and "impressed and imposed upon the real property ... a lien in favor of the [wife] guaranteeing satisfaction of the award which is hereby reduced to judgment." R. tab 26, exh. A, at 703.

This judgment was on record pre-bankruptcy in the office of the clerk of the district court.[1]

After the ex-husband filed a voluntary petition in bankruptcy, the ex-wife filed a copy of the divorce judgment as a lien in the county clerk's office. Although the ex-husband listed the debt as unsecured, the ex-wife apparently made no appearance and the bankruptcy court never specifically treated the ex-wife's alleged lien in the bankruptcy proceeding itself. The instant proceeding arose out of the ex-husband's motion to reopen the bankruptcy case and to have the lien declared null and void.

The bankruptcy court invalidated the lien. This was affirmed on appeal, the district court holding that, because the divorce judgment had not been filed in the county clerk's office at the time of the bankruptcy filing, the lien was unenforceable. *See* 12 Okla.Stat.Ann. § 706 ("No judgment, whether rendered by a court of the state or the United States, shall be a lien on the real estate of a judgment debtor in any county until it has been filed in this manner.") The ex-wife has appealed, arguing that that statute is not relevant under various grounds and asserting that her lien is valid and her claim secured by the lien must be excepted from the discharge. We agree, and reverse the determination of the district court.

Janet Watkins cites several cases in which bankruptcy courts have found a lien like that involved in the instant case to be excepted from discharge by various analyses, because marriage dissolution situations are treated differently than other claims. *In re Williams*, 38 B.R. 224, 228 (Bankr.N.D.Okla.1984) (judicial lien in divorce decree encumbered ex-husband's property at the time of acquisition and was not avoidable as an interest of debtor in property); *In re Thomas*, 32 B.R. 11, 12–13 (Bankr.D.Ore.1983) (lien interest in marital property upon divorce does not arise out of debtor/creditor relationship and therefore is not a judicial lien that could be avoided); *In re Scott*, 12 B.R. 613, 615 (Bankr.W.D.

Okla.1981) (husband's lien on marital home, which was granted in same divorce decree that conveyed home to wife, did not fix on an interest of the debtor in property and thus was not subject to avoidance). We do not have to agree or disagree with those cases but resolve this case on a different basis.

At the time of bankruptcy filing, the trustee in bankruptcy assumes the position of a bona fide purchaser of real property from the debtor and may avoid any liens on the property that a bona fide purchaser could avoid. 11 U.S.C. § 544(a)(3). The trustee, however, assumes the bona fide purchaser position subject to the state's constructive notice law. *See In re Hagendorfer*, 803 F.2d 647, 649 (11th Cir.1986) (Bankruptcy Code does not set aside trustee's state law duty to examine the record of title); *In re Probasco*, 839 F.2d 1352, 1354–55 (9th Cir.1988) (debtor-in-possession's constructive notice of unrecorded real property interest precluded avoidance of the interest); *In re Flaten*, 50 B.R. 186, 193 (Bankr.D.N.D.1985) ("constructive notice imposed by state law will destroy the bona fide purchaser's priority claim to the property and, as a result, the trustee's avoidance power under section 544(a)(3)").

Under Oklahoma law, a purchaser of land takes the property with constructive notice of whatever appears in the conveyances constituting his chain of title. *Jonas v. Dunn*, 132 Okl. 204, 270 P. 46, 50 (1928). *See also Rogers v. Jones*, 40 F.2d 333, 335 (10th Cir.1930) (purchaser bound by instrument in his chain of title). Moreover, a purchaser from one in whom title has been vested by judicial decree is deemed to have constructive notice of title defects apparent on the face of the record in proceedings in which the decree was entered. *Bradbury v. Green*, 207 Okl. 586, 251 P.2d 807, 809 (1952).

The trustee in bankruptcy had constructive notice of the wife's security interest, even though she did not perfect her

---

**1.** After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed.R.

App.P. 34(f); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

interest by recording it in the county clerk's office. The divorce judgment—a judicial decree—vested undivided title to the entire property in the husband. Before the divorce, the husband owned only a one-half interest. Therefore, under *Bradbury*, 251 P.2d at 809, a bona fide purchaser at the time of the bankruptcy filing was on constructive notice of any defects in the ex-husband's title that were contained in the divorce decree, including the ex-wife's lien on the property.

██ Further, on the general principles in *Jonas*, 270 P. at 50, a bona fide purchaser would have been on constructive notice of whatever security interests might appear in a title search. A search of the real property records would have shown that the wife was a co-owner of the property. To establish title in the husband, the title examiner would have to secure a copy of the divorce decree, which vested sole title in the husband. An examination of that same decree would also show the lien given to the wife on this real estate. A bona fide purchaser, having constructive notice of the ex-wife's security interest, could not have avoided her lien. Likewise, the trustee in bankruptcy could not avoid her lien.

The cases cited by the district court are distinguishable on this basis. Two of them, *Smith v. Citizens Nat'l Bank in Okmulgee*, 204 Okl. 586, 232 P.2d 618 (1951), and *Will Rogers Bank & Trust v. First Nat'l Bank of Tahlequah*, 710 P.2d 752 (Okla.1985), did not involve a divorce decree and were the standard failure-to-record cases where the bona fide purchaser searching the title would have seen nothing. *Knight v. Armstrong*, 303 P.2d 421 (Okla.1956), involved a divorce, but one in which the lien the ex-wife claimed arose under a separate judgment. The second *Knight* judgment creating the lien would not have been discovered in a normal search required to be made by a bona fide purchaser, because it was not contained in the earlier document that established the ex-husband's separate title.

We need go no further to determine that the lien survived the bankruptcy and is enforceable against the ex-husband. There is no claim of res judicata based upon an explicit determination of this issue at some earlier time in the proceeding and a failure of the wife to appeal.

REVERSED.