In re Louise Cary MORENO, Debtor.

In re Hotel Frisco, L.L.C., Debtor.

Alpine Bank, Plaintiff,

v.

Louise Cary Moreno; Hotel Frisco; Janice A. Steinle as Chapter 7 Trustee; Lawrence Gilliland as the Summit County Public Trustee; First Commercial Bank, N.A. d/b/a First Commercial Capital; the United States Internal Revenue Service; and the Town of Frisco, Defendants.

Bankruptcy Nos. 01–10587–ABC, 01–10588–ABC.
Adversary No. 02–1196–SBB.

United States Bankruptcy Court, D. Colorado.

May 30, 2003.

---

Martin A. Bloom, Jamie Grant Siler, Bloom, Murr & Accomazzo, P.C., Denver, CO, for Alpine Bank.

Curt Todd, Lottner, Rubin, Fishman, Brown & Saul, P.C., Denver, CO, for the Chapter 7 Trustee.

### MEMORANDUM OPINION
### AND ORDER

SIDNEY B. BROOKS, Chief Judge.

THIS MATTER comes before the Court on (1) the Motion for Summary Judgment filed by the plaintiff, Alpine Bank ("Bank"), on January 17, 2003; (2) the Motion for Summary Judgment filed on January 17, 2003 by defendant Janice A. Steinle, Esq., ("Trustee") the Chapter 7 Trustee of the jointly-administered debtors, Louise C. Moreno ("Ms. Moreno") and Hotel Frisco, L.L.C. ("Hotel Frisco"); (3) defendant Summit County Treasurer's ("Summit County") Response Brief in Support of Defendant Trustee's Motion for Summary Judgment and in Opposition to the Bank's Motion for Summary Judgment filed on January 30, 2003; (4) Trustee's Objection to the Bank's Motion for Sum-

mary Judgment filed on February 3, 2003; and (5) the Bank's Combined Response to Motions for Summary Judgment filed by the Trustee and Summit County filed on February 3, 2003. The Court, having reviewed the file and being advised in the premises, makes the following findings of fact, conclusions of law and Order.

For the reasons set forth herein,

(1) the Trustee's Motion for Summary Judgement shall be GRANTED and

(2) the Bank's Motion for Summary Judgment shall be DENIED.

## I. *ISSUES*

The parties raise two major issues in their respective Motions for Summary Judgment:

A. Whether a defective deed of trust provided constructive notice and/or inquiry notice of the Bank's purported lien on the Property to the Trustee—as a hypothetical lien creditor—so as to trump the Trustee's avoidance powers under 11 U.S.C. § 544.

B. Whether this Court, by equity, should validate a purported security interest in real property where the instrument granting the security interest—a deed of trust—is executed by an entity that does not own the property.

## II. *STANDARD FOR SUMMARY JUDGMENT*

Under Fed.R.Civ.P. 56 (made applicable to adversary proceedings by Fed. R.Bankr.P. 7056), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *See Timmons v. White,* 314 F.3d 1229 (10th Cir.2003). It appears from the countervailing Motions for Summary Judgment that both the Bank and the Trustee are conceding that there are no genuine issues of material fact, but, instead, that each party is entitled to judgment as a matter of law. Upon examining the pleadings by the Bank, the Trustee and Summit County, and in the absence of any pleading from the Internal Revenue Service, the Court concludes that, indeed, none of the parties dispute any material facts. The only remaining question is whether the Bank or the Trustee, on their respective motions, is entitled to judgment as a matter of law.

## III. *UNDISPUTED FACTS*

Ms. Moreno was the manager of Hotel Frisco, LLC, which owned and operated the business known as The Hotel Frisco, located in Frisco, Colorado. Ms. Moreno, individually, also owned certain adjacent real property consisting of vacant lots, legally described as:

LOTS 16, 17, 18, 19, AND 20, OF BLOCK 9, TOWN OF FRISCO

COUNTY OF SUMMIT

STATE OF COLORADO

and commonly known as Lot 16–20, Block 9, Frisco, CO 80443 (the "Property"). These vacant lots were next door to Hotel Frisco and were used for parking.

On December 1, 1999, Hotel Frisco and Ms. Moreno executed and delivered a promissory note ("Note") payable to the Bank in the original principal amount of $140,700.00. The caption on the Note provides that the "Borrower" is/are "HOTEL FRISCO, LLC (TIN: 841437896); ET AL." The first paragraph of the Note defines the "Borrower" as Hotel Frisco, LLC and Louise C. Moreno. On the second page of the Note, there are two signatory lines: one for Hotel Frisco—with Louise

Moreno as Manager of Hotel Frisco—and one for Ms. Moreno, in her individual capacity, and as co-borrower on the Note. The Note is signed, in the two spaces provided, by Ms. Moreno, individually, and as manager of Hotel Frisco.

Repayment of the Note was to be secured by a December 1, 1999 Deed of Trust ("Deed of Trust") which was intended to encumber the Property. The first page of the Deed of Trust sets forth that it is between the Bank and Hotel Frisco. On the final signatory page of the Deed of Trust, however, the "Grantor" is identified as Hotel Frisco "by Louise C. Moreno, Manager" and the Deed of Trust is signed by Ms. Moreno. That is: *although Ms. Moreno owned the Property personally, Ms. Moreno signed the Deed of Trust in her capacity as manager for Hotel Frisco, only, and not in her individual capacity.* Moreover, there is no signatory line for Ms. Moreno, in her individual capacity and as co-grantor on the Note and Deed of Trust. Further, the Deed of Trust simply defines the "Grantor" as "any and all persons and entities executing this deed of trust, including without limitation HOTEL FRISCO, L.L.C., A COLORADO LIMITED LIABILITY COMPANY." In the entire "Definitions" section of the Deed of Trust, specific reference is only made to Hotel Frisco.

The Deed of Trust was thereafter recorded in the Summit County real estate records on December 2, 1999 at Reception No. 612259.

## IV. *BANKRUPTCY PROCEEDINGS*

On January 18, 2001, Ms. Moreno and Hotel Frisco filed separate Chapter 11 bankruptcy cases. These cases became jointly administered. On November 29, 2001, both cases were converted to Chapter 7 of the Bankruptcy Code, effective December 5, 2001. Thereafter, Trustee was appointed to be the Chapter 7 Trustee in both cases.

On April 25, 2002, the Honorable A. Bruce Campbell, Bankruptcy Judge, entered an Order in the underlying bankruptcy case approving the sale of the Property. By the Order, however, the Court reserved for resolution at a later date, after notice to interested parties, (1) all disputes regarding liens and interests in the Property, including disputes regarding validity, priority, and extent of such liens or interests, and (2) allocation of the purchase price between estates.

On April 30, 2002, the Bank filed the within adversary proceeding. The original named defendants were Ms. Moreno, Hotel Frisco, Summit County, First Commercial Bank, N.A. d/b/a First Commercial Capital ("First Commercial"), the United States Internal Revenue Service ("IRS"), and the Town of Frisco. The Complaint seeks an order and judgment of this Court declaring that the Trustee may not avoid the Deed of Trust pursuant to 11 U.S.C. § 544. Moreover, the Bank seeks a declaratory judgment that the Bank's Deed of Trust constitutes a valid and perfected lien upon the Property, junior only to the first lien held by First Commercial.

On May 30, 2002, the Trustee filed her Answer to the Complaint denying the material allegations leading to a cause of action, asserting four affirmative defenses, and asserting her Counterclaim seeking the Court's declaratory judgment that the Bank's Deed of Trust is not a valid lien encumbering the Property, that the purported lien is void, and that the lien be avoided and preserved for the estate pursuant to 11 U.S.C. § 544(a).

On June 18, 2002, the Bank answered the Trustee's Counterclaim. In its Answer, the Bank denied the material allegations of the Counterclaim leading to a

cause of action, and asserted two affirmative defenses.

On August 6, 2002, this Court granted First Commercial's Motion for Judgment on the Pleadings thereby allowing First Commercial to be dismissed from this case. In addition, on August 6, 2002, the Court also granted the Bank's Motion for Entry of Default against Ms. Moreno, Hotel Frisco, and the Town of Frisco.

The Bank's Motion for Summary Judgment was filed on January 17, 2003. In the Motion for Summary Judgment the Bank admits that (1) the Bank drafted the Deed of Trust in question and (2) the Deed of Trust contained an error—that is, that while Ms. Moreno owned the Property individually, the Deed of Trust provided that the grantor is Hotel Frisco, and the Deed of Trust was executed by Ms. Moreno, as manager of Hotel Frisco, *only*. The Bank seeks an equitable remedy from this Court correcting the error asserting that constructive notice and/or inquiry notice defeat the claims of the Chapter 7 Trustee.

The Trustee's Motion for Summary Judgment filed on January 17, 2003 seeks a declaratory judgment against the Bank avoiding the allegedly unperfected lien of the Bank. Summit County's Response Brief in Support of Defendant Trustee's Motion for Summary Judgment and in Opposition to the Bank's Motion for Summary Judgment filed on January 30, 2003—with some reluctance—supports the position of the Trustee. On February 3, 2003, the Trustee and the Bank filed responsive pleadings to the respective Motions for Summary Judgment.

## V. DISCUSSION

### A. Trustee's Avoidance Powers under 11 U.S.C. § 544

The pending Motions must be viewed against the backdrop of the duties imposed on and expected of a Chapter 7 trustee under the Bankruptcy Code, specifically 11 U.S.C. § 704, and the broad and flexible powers given to a Chapter 7 trustee to exercise those duties. Here, the Trustee is seeking to avoid the lien created by the Deed of Trust under 11 U.S.C. § 544(a). "Section 544(a) gives the trustee power, as of the commencement of the bankruptcy case, to avoid transfers and obligations of the debtor to the same extent as certain hypothetical ideal creditors." *In re Porter McLeod, Inc.,* 231 B.R. 786, 792 (D.Colo. 1999). In *Porter McLeod,* the Court acknowledged that, in accordance with 11 U.S.C. § 544, the trustee has the same avoidance powers as: "1) a judicial lien creditor; 2) a creditor holding an execution returned unsatisfied; or 3) a bona fide purchaser of real property, whether or not such creditors or purchaser exist." Here, as in *Porter McLeod,* the trustee is seeking relief by way of this "creditor" status. In describing that status, the Tenth Circuit has stated:

> from the reservoir of equitable powers granted to the trustee to maximize the bankruptcy estate, Congress has fashioned a legal fiction. Not only is the trustee empowered to stand in the shoes of a debtor to set aside transfers to third parties, but also the fiction permits the trustee to assume the guise of a creditor with a judgment against the debtor. Under that guise, the trustee may invoke [the] state law remedies provided to judgment lien creditors to satisfy judgments against the debtor.

*Id.* (quoting *Zilkha Energy Co. v. Leighton,* 920 F.2d 1520, 1523 (10th Cir.1990)).

██ As part of the legal fiction created, is the reality that despite any actual knowledge the trustee or the debtor has at the time of the bankruptcy filing, no such actual knowledge will be imputed to the

trustee in his or her pursuit in avoiding claims under 11 U.S.C. § 544. *Bandell Inv., Ltd. v. Capitol Fed. Sav. and Loan Ass'n of Denver (In re Bandell Inv., Ltd.),* 80 B.R. 210, 212 (D.Colo.1987).

### B. There is No Constructive and/or Inquiry Notice of the Bank's Purported Lien on the Property

■ The extent of the trustee's rights under 11 U.S.C. § 544 is measured by the substantive law of the jurisdiction governing the property in question. *Porter McLeod,* 231 B.R. at 792 (citing *Seymour v. Wildgen,* 137 F.2d 160 (10th Cir.1943)); *see also, In re Harbor Pointe Office Park, Ltd.,* 83 B.R. 44, 48 (Bankr.D.Colo.1988). The Bank asserts that under applicable Colorado state law, the trustee's avoidance powers under 11 U.S.C. § 544 are subject to constructive notice and/or inquiry notice.[1] Here, the Bank contends that under the circumstances, such constructive notice and/or inquiry notice precludes the Trustee from avoiding its admittedly defective lien on the property. In support thereof, the Bank cites to the *Harbor Pointe* case as controlling authority in this case.

In the *Harbor Pointe* case, the debtor-in-possession sought to avoid a deed of trust under 11 U.S.C. § 544. In *Harbor Pointe,* the key to the dispute was the validity of certain notes, deeds of trust and security agreements executed on behalf of a limited partnership by its general partner, at a time when the general partner

had filed bankruptcy. *Id.* at 45. Under Colorado law, due to the bankruptcy filing of the general partner, the partnership was dissolved. Judge Matheson concluded that:

> Based solely upon the Colorado partnership statutes cited above, it would appear that as a DIP Harbor Pointe could avoid the liens being asserted herein under its "strong arm" powers pursuant to Section 544(a). However, the Section 544 avoidance powers are subject to all state law defenses not otherwise precluded by the Bankruptcy Code.

*Id.* at 47.

Nevertheless, Judge Matheson concluded that the debtor-in-possession was estopped from denying the validity of the lien which was entered into by the general partner of a partnership after he had declared bankruptcy. Relying on constructive notice, the Court concluded that the debtor-in-possession is imputed with constructive notice of encumbrances properly recorded—although technically defective—prior to the time of the bankruptcy petition. *Id.* at 49. Thus, the debtor-in-possession was not able to avoid the lien.

This Court finds that *Harbor Pointe* is factually distinguishable from the matter at hand. In *Harbor Pointe,* the owner of the property in question was the partnership. That partnership received the full benefit and use of the loan in question. *Id.* at 48. Here, Hotel Frisco is an entity that did *not own any right, title or inter-*

---

1.

> Constructive notice is:
> Notice arising by presumption of law from the existence of facts and circumstances that a party *had a duty to take notice of,* such as registered deed or a pending lawsuit; *notice presumed by law to have been acquired by a persons and thus imputed to that person.*
> BLACK'S LAW DICTIONARY 1088 (7th ed.1999) (emphasis added); *see, e.g., Bandell Inv.,* 80

B.R. at 212; and *see also, e.g.* COLO.REV STAT. § 38–35–109(1).

> Inquiry notice, on the other hand, is:
> Notice attributed to a person when the information would lead an ordinarily prudent person to investigate the matter further; esp., the time at which the victim of an alleged securities fraud became aware of facts that would have prompted a reasonable person to investigate.
> BLACK'S LAW DICTIONARY 1088 (7th ed.1999).

*est, whatsoever, in the Property.* The filed Deed of Trust did not create a valid security interest in the first instance.

A proper execution and recording of the Deed of Trust would have placed the Trustee on constructive notice of the interest affecting title. Here, however, the Deed of Trust is not properly executed and does not create the intended security interest and, moreover, does not create an adequate record in the chain of title. *Nile Valley Fed. Sav. & Loan Assoc. v. Security Title Guar. Corp. of Baltimore,* 813 P.2d 849, 852 (Colo.App.1991) ("If a document is properly recorded, the whole world is deemed to have constructive notice of the encumbrance."). Moreover, this Court believes that in light of the defect in the execution in the Deed of Trust, there are not sufficient facts that were discovered to "excite the attention" of a title searcher and place the Trustee on inquiry notice. *Burman v. Richmond Homes, Ltd.,* 821 P.2d 913, 919 (Colo.App.1991) ("inquiry notice requires sufficient facts to attract the attention of interested persons and prompt a reasonable person to inquire further.").

In *Bandell Inv., Ltd. v. Capitol Fed. Sav. and Loan Ass'n of Denver (In re Bandell Inv., Ltd.),* Judge Kane noted that the key to determining whether a trustee may use his strong arm avoiding powers under § 544(a) is whether, as a hypothetical purchaser at the time of the filing of the bankruptcy, he should be imputed with constructive notice of a deed of trust "as recorded in the appropriate fashion." 80 B.R. 210, 212 (D.Colo.1987). In this case, the Trustee, conducting a title investigation, as a hypothetical prospective purchaser, would find, with respect to the property in question, only a transaction between Hotel Frisco, LLC and Alpine Bank. Ms. Moreno, individually, would not appear in the grantor/grantee indices in connection

with the property. Therefore, no constructive notice can be imputed to the Trustee. A transaction conveying an interest—any interest—in the subject property from Ms. Moreno to Alpine Bank simply would not—and did not—appear in the chain of title, even if the Deed of Trust was "properly recorded." *See also* discussion *infra* section V, subsection C.

The Bank also relies upon two other cases with respect to its "constructive notice and/or inquiry notice argument": (1) *Watkins v. Watkins,* 922 F.2d 1513 (10th Cir.1991) and (2) *U.S. v. Smith (In re Hagendorfer),* 803 F.2d 647 (11th Cir. 1986).

*Hagendorfer* is cited with approval in the *Watkins* case for the proposition that the Bankruptcy Code does not set aside a trustee's state law duty to examine the record of title. *Watkins,* 922 F.2d at 1514 (citing *Hagendorfer* 803 F.2d at 649). This is true. However, upon review of the *Hagendorfer* case, this Court concludes, at least with respect to the facts in the present case, that it is distinguishable from this case. *Hagendorfer* involves a specific Alabama state statute which requires the trustee to examine the record of title and which could bind the trustee by erroneous, defective, or incomplete matters of record which could have been discovered by further inquiry. While the case is instructive, it does not stand on all fours with this case and the application of law is specific to Alabama.

*Watkins,* on the other hand, involves Oklahoma law dealing with constructive notice of a wife's security interest by way of a divorce decree. *Watkins,* 922 F.2d at 1513–15. Again, while informative and instructive, this case does not fit the facts of the present case, nor does the Colorado law in question stand parallel to the Okla-

homa law dealt with in *Watkins*.[2]

C. *No Equitable Reason Exists to Allow the Deed of Trust to Create a Valid Security Interest in the Property*

■ The Bank, Trustee and Summit County extensively discuss and analyze *Nile Valley Fed. Sav. & Loan Assoc. v. Security Title Guar. Corp. of Baltimore*, 813 P.2d 849 (Colo.App.1991). This Court believes that this case is dispositive of the issues before the Court.

In *Nile Valley*, property was held by a Colorado general partnership. Five deeds of trust were executed on the property. However, the deeds of trust were signed by the partners individually. The title insurance company brought an action against the trustee of the titleholder's Chapter 7 bankruptcy estate, seeking a declaration that the recording of the defective deeds of trust perfected the Saving & Loans's security interests in the property. The Colorado Court of Appeals concluded that the recording of the deeds of trust in the individual names of the titleholder's partners did *not* perfect the security interests in the property. *Id.* at 853.

Key to the Court's holding in *Nile Valley* is the requirement that a "secured party properly record his interest in real property with the clerk and recorder of the county in which the property is located in order to protect his interest against those who subsequently claim interest in the same property." *Id.* at 851. The Bank admits it made a mistake in its Motion for Summary Judgment.[3] Thus, the Bank, as a banking institution, presumably with some experience in the area of securing loans, is "properly charged with the

---

**2.** In *Watkins v. Watkins*, the Tenth Circuit concluded that under Oklahoma law:

> a purchaser of land take the property with constructive notice of whatever appears in the conveyances constituting his chain of title. Moreover, a purchaser from one in whom title has been vested by judicial decree is deemed to have constructive notice of title defects apparent on the face of the record in proceedings in which the decree was entered.

922 F.2d 1513, 1514 (10th Cir.1991) (citations omitted).

> The trustee in bankruptcy had constructive notice of the wife's security interest, even thought she did not perfect her interest by recording it in the county clerk's office. The divorce judgment—a judicial decree—vested undivided title to the entry property in the husband... Therefore, [under Oklahoma case law] a bona fide purchaser at the time of the bankruptcy filing was on constructive notice of any defects in the ex-husband's title that were contained in the divorce decree, including the ex-wife's lien on the property.

*Id.* at 1514–15 (citations omitted).

The Court went on to recognize that this case was distinguishable from cases cited by the lower court because the cases relied on by the lower court did not involve a divorce decree and were "standard failure-to-record cases where the bona fide purchaser searching the title would have seen nothing." *Id.* at 1515. In addition, another case cited by the lower court involved a divorce, but one in which the lien the ex-wife claimed arose under a separate judgment. *Id.* Because of the acknowledged distinctions in the *Watkins* opinion, this Court believes that the *Watkins* case is unique to its facts and Oklahoma case law.

**3.** Arguably a "fact" is controverted with respect to the mistake here. Based on the Motion for Summary Judgment, on page 4, the Bank states: "When the Bank drafted the Deed of Trust, however, it made a mistake." Attached to the Motion for Summary Judgment is an affidavit by Ms. Moreno which indicates that she, personally and individually, intended to grant the Bank a security interest in the Property. The Court does not believe that the affidavit of Ms. Moreno and her intent with respect to the execution of the Deed of Trust is relevant in light of *Smith v. Whitlow*, 129 Colo. 239, 268 P.2d 1031 (1954) (equity will not relieve a party's negligence in failing to read contract and counsel's failure to properly draft contract).

responsibility for compliance with applicable statutes." *Id.* at 852. It would seem with some minimal due diligence, the Bank could have properly prepared the paperwork to perfect its lien. *See, e.g., Smith v. Whitlow*, 129 Colo. 239, 268 P.2d 1031, 1034–35 (1954) ("a contract will not be reformed on the ground of mistake at the instance of the party who prepared it when it appears that his alleged lack of knowledge was due to his failure to exercise reasonable diligence; and further, that equity will not relieve a party from the ill effects of a contract voluntarily executed, on the ground of mutual mistake where he could have been fully advised by the exercise of reasonable diligence").

█ Moreover, any conveyance interest in real property must be signed by the party making that conveyance.[4] It is clear that Colorado law intends to mandate that only the owner of real property can encumber or convey the same.[5] Here, while Ms. Moreno did sign the Deed of Trust, she did not sign it in her individual capacity. Instead, she signed *only* for Hotel Frisco in her capacity as manager of Hotel Frisco. Under CoLo.Rev.Stat. § 38–35–

101(3)(b), if a document is acknowledged with specific reference to a person acting in a representative capacity, she does so acknowledging it "to be [her] free and voluntary act in such capacity or as the free and voluntary act of the principal, person, or entity represented ..."

Here, the Deed of Trust simply did not pass muster out of the gate. The Deed of Trust, made by the non-owner Hotel Frisco, not the owner, Ms. Moreno, is outside of the chain of title via the grantor-grantee indices. *Nile Valley*, 813 P.2d at 852. In addition, as noted above, no equitable grounds exist for validating this defective deed of trust. As a consequence, the Court will permit the Trustee to avoid the purported lien of the Bank pursuant to 11 U.S.C. § 544 for the benefit of the estate.

## IV. *ORDER*

Based upon the above and foregoing, this Court hereby ORDERS that the Trustee's Motion for Summary Judgement is hereby GRANTED and the Bank's Motion for Summary Judgment is hereby DENIED.

---

4. CoLo.Rev.Stat. § 38–10–108 provides that:

> Every contract for the leasing for a longer period than one year or for the sale of any lands or any interest in lands is void unless the contract or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party by whom the lease or sale is to be made.

"Conveyance" is defined in CoLo.Rev.Stat. § 38–10–123 as "includ[ing] every instrument in writing, except a last will and testament, whatever may be its form and by whatever name it may be known in law, by which any estate or interest in lands is created, aliened, assigned, or surrendered."

5. For example, CoLo Rev.Stat. § 38–30–117 sets forth the standard form of mortgages, which, by implication, requires the signature of the party in ownership of the property

encumbered. CoLo.Rev.Stat. § 38–30–101 provides:

> Any person, association of persons, or body politic or corporate which is entitled to hold real estate, or any interest in real estate whatever, shall be authorized to convey the same to another or a body corporate or politic by deed.

In addition, the mandatory acknowledgment provisions set forth in CoLo.Rev.Stat. §§ 38–35–101 and 38–35–102 are for the purpose of ensuring that all instruments are signed by the proper parties to be charged, that is, the actual property owners.

Finally, by illustration only, CoLo.Rev.Stat. §§ 38–35–201, the Spurious Liens and Documents Act, defines a "spurious lien" as: "a purported lien or claim of lien that ... [i]s not created, suffered, assumed, or agreed to by the owner of the property it purports to encumber..."

IT IS FURTHER ORDERED that declaratory judgment enters in favor of the Trustee that the December 1, 2000 Deed of Trust in the amount of $140,700.00 for the benefit of the Bank, and which was recorded in Summit County, Colorado on December 2, 1999 at Reception No. 612259 is not a valid lien against the property legally described as:

LOTS 16, 17, 18, 19, AND 20, OF BLOCK 9, TOWN OF FRISCO

COUNTY OF SUMMIT

STATE OF COLORADO

and commonly known as Lot 16–20, Block 9, Frisco, CO 80443.

IT IS FURTHER ORDERED that the purported transfer of any interest in the Property by way of the Deed of Trust is avoided pursuant to 11 U.S.C. § 544 and preserved for the estate pursuant to 11 U.S.C. § 551.