**Julia Mae GORDON, Plaintiff in Error,**

v.

**Johnnie Earnest GORDON, Defendant in Error.**

**No. 42701.**

Supreme Court of Oklahoma.

Sept. 16, 1969.

As Corrected Nov. 7, 1969.

Bay, Hamilton & Renegar, by Andrew L. Hamilton, Oklahoma City, for plaintiff in error.

Merson, Campbell & Merson, Oklahoma City, for defendant in error.

DAVISON, Justice.

Appeal by plaintiff from order sustaining demurrer to her petition to vacate divorce decree rendered at prior term of court. The parties occupy the same relative positions in this court as in the trial court, and will be referred to as plaintiff and defendant, respectively.

Plaintiff filed suit against defendant wherein she sought a divorce and division of property and provision for payment of the parties debts. Defendant, by answer and cross petition, asked for the same relief against plaintiff. On November 1, 1966, a trial was had, with both parties present, and the court rendered a decree in which a divorce was granted to both parties, a division of property was made, and the parties were respectively ordered to pay all or certain portions of their debts. The decree was filed December 30, 1966, and on the same date thereafter the plaintiff employed her present counsel.

On April 17, 1967, during the next term of court, the plaintiff filed a "PETITION TO VACATE AND AMEND DIVORCE DECREE" in which she incorporated statements and conclusions in support of a prayer for a new trial in the action. Summons was issued and served on the defendant. Defendant filed a demurrer to the petition on the ground that it failed to state a cause of action for the relief prayed for against him. The lower court sustained the demurrer and plaintiff filed a motion for new

trial, which was denied, and plaintiff perfected this appeal.

Plaintiff directs our attention to the established rule that a demurrer admits the truth of the allegations of the petition, that the petition must be liberally construed in favor of the pleader for the purpose of the demurrer, and if the petition states any facts entitling the pleader to any relief it was error to sustain the demurrer. Fowler v. Francis, Okl., 362 P.2d 107.

The petition to vacate alleges that the parties appeared at the trial with their respective attorneys, that at the conclusion of the testimony the court granted a divorce to both parties and a settlement of the property rights growing out of the marriage, that no formal minute was entered as to what the order of the court was, and (in effect) that the divorce decree containing the rulings of the court was not available to plaintiff until after the filing of the decree on December 30, 1966. From our careful examination of the remaining allegations and statements therein, we conclude the plaintiff's charges are that in certain respects the terms of the decree are ambiguous and do not reflect the rulings of the court.

A stipulation of the parties was filed below and is incorporated in the record, wherein they argee that a partial transcript of testimony attached thereto may be considered by this court in any appeal in the case. The transcript contains the statement the trial judge made at the conclusion of the original trial wherein he announced to the parties and their attorneys the judgment he was rendering in the cause.

■ Plaintiff contends that the provision in the divorce decree giving the defendant an interest in the home property of the parties is "ambiguous and impossible of intrepretation."

The decree gave this property to plaintiff subject to an existing mortgage, and then provided that the defendant have "a judgment for $2000 as his part of the equity" in the property and also granted a lien against the property to secure this amount. Plaintiff alleged the defendant was threatening to foreclose this lien and argues that it seems highly unusual that the court would give the house to plaintiff and then give defendant the immediate right to foreclose the lien. Plaintiff in her brief states "I do not believe that this is what the court ordered, * * *."

We see no ambiguity in this part of the decree. The court simply gave defendant a $2000 interest in the property and made it a lien on the property. Furthermore, the above provision in the decree is the same as that stated by the trial judge at the conclusion of the trial when the parties and their attorneys were present.

■ Plaintiff also contends that the provision of the decree relative to her paying one-half of a $3000 indebtedness to Tinker Credit Union is ambiguous.

The decree ordered plaintiff to pay $1500, or half of a $3000 indebtedness incurred by defendant to the Tinker Credit Union, by paying one-half of the payments as they became due. Plaintiff's argument on this is that the decree gave her the furniture and required the defendant to save her harmless from any encumbrance thereon, and since the $3000 was borrowed to clear the furniture of mortgages, then the order for her to pay $1500 of the $3000 is in essence requiring her to pay for half of the furniture. The record reflects that both parties were employed at Tinker Air Force Base and that each were earning approximately the same salary.

The proposition presented to this court by the plaintiff is whether ambiguity exists in this provision of the decree, and not whether it was fair to require plaintiff to pay half of the $3000. Ambiguity exists when the language used admits of more than one interpretation. We find no ambiguity. The trial court gave the furniture to plaintiff and required defendant to save plaintiff harmless from any encumbrance thereon, and there is no allegation in plaintiff's petition to vacate that there is an encumbrance. In a separate provision of the decree the court required plaintiff to

pay half of a $3000 debt due the Tinker Credit Union. Also, these provisions of the decree are in substantial accord with the trial judge's announced judgment at the close of the trial.

No legal authorities are cited by plaintiff to sustain the charges of ambiguity, or that the effect thereof was to entitle the plaintiff to vacation of the decree and to a new trial.

■ Plaintiff's petition and the issuance and service of summons on defendant were obviously pursuant to 12 O.S.1961, § 655 (now amended, Laws 1969, chap. 304, § 2), providing for petition for new trial after term, where the grounds could not with reasonable diligence have been discovered

before, but are discovered after the term at which the decision was rendered. Even though we assume that there was originally some merit in plaintiff's contentions, still the petition was subject to demurrer, because under the circumstances, the plaintiff had notice of the provisions of the judgment on the conclusion of the trial. Consequently, the alleged objectionable matters were known or discoverable during the term when the decree and judgment were rendered and available for use in a motion for new trial. Finley v. Concho Construction Company, Okl., 388 P.2d 863.

Affirmed.

All Justices concur.