James Leslie HARRIS, Appellant,

v.

Patty Irene HARRIS, Appellee.

No. 51658.

Court of Appeals of Oklahoma, Division No. 1.

Jan. 22, 1980.

Released for Publication by Order of Court of Appeals Feb. 21, 1980.

Bruce H. Harlton, Jr., Tulsa, for appellant.

Reed, Hurst & McNeil by Phil S. Hurst, Sulphur, for appellee.

BOX, Judge:

An appeal by James Leslie Harris, plaintiff in the trial court, contesting the division of property and alimony awarded to wife, cross-petitioner in a divorce action.

After 31 years of marriage and three children, only one of which was a minor at the time of the divorce decree, husband (Appellant) filed his Petition for Divorce; wife (Appellee) filed a Cross-Petition. Upon trial being had the court granted a divorce to both parties, custody of the minor child to plaintiff, dividing the property and awarding alimony to Appellee as follows:

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Plaintiff is hereby awarded as his separate property the following:

(a) The Plaintiff's business known as Harris Heavy Equipment Welding, Incorporated and all related vehicles, equipment, tools and steel, subject to a mortgage of approximately Eight Thousand Dollars ($8,000.00);

(b) One 1976 Nova Chevrolet automobile;

(c) All clothes and furniture now in his possession;

and the Defendant is hereby awarded as her separate property the following:

(a) The real property of the parties better described as follows:

500 West Tulsa, Sulphur, Oklahoma; Lots one, two and three; Block 20; in the City of Sulphur, State of Oklahoma, according to the recorded plat, thereof;

(b) The automobile now in her possession;

(c) All furniture and furnishings now in her possession;

(d) All clothing and personal property now in her possession.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Defendant is to pay Plaintiff the sum of Two Thousand Five Hundred Dollars ($2,500.00) within five (5) years from the date of the divorce, non-interest bearing, or to pay said sum upon sale of said property and that Plaintiff is awarded a judgment lien on the aforesaid property until the Two Thousand Five Hundred Dollars ($2,500.00) is paid.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Defendant is to assume the mortgage against aforesaid property and hold the Plaintiff harmless therein.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Defendant is to pay the mortgage at Peoples Federal in Ardmore, Oklahoma, in the approximate amount of Five Thousand Dollars ($5,000.00) and hold the Plaintiff harmless therein.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Defendant pay the approximate debt of One Thousand Two Hundred Dollars ($1,200.00) and hold the Plaintiff harmless therein.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Defendant is hereby awarded alimony in the amount of Ten Thousand Eight Hundred Dollars ($10,800.00) to be paid as follows: Four Hundred Dollars ($400.00) per month during the first year, Three Hundred Dollars ($300.00) per month during the second year, and One Hundred Dollars ($100.00) per month during the third and fourth years.

Husband appeals, alleging

> That the Court erred in awarding the homestead premises as an award of support alimony to the appellee.

citing numerous cases regarding factors to be considered by the court in awarding alimony. In the instant case the wife was 48 years of age, had no skills, had worked only occasionally outside the home, and plaintiff had an earning capacity of some $20,000.00 annually.

■ Regarding the Appellant's questioning of the award of the homestead to the wife, the Supreme Court in the case of *Harden v. Harden*, 182 Okl. 364, 77 P.2d 721, stated at p. 723 as follows:

> The plaintiff in an effort to obtain a division of the land has raised the question of the homestead character of the land or some portion thereof. We find no controlling force in this contention. In a divorce proceeding the homestead may be treated as any other property, and might be set aside to the wife or left with the husband.

Appellant next complains

> That the property settlement constituted an abuse of discretion and should be reversed.

The Supreme Court has repeatedly held that in a divorce action, the trial court is vested with discretion in making a division of jointly acquired property and in granting alimony. *Peters v. Peters*, Okl., 539 P.2d

26. The Court has further stated that there is no predetermined percentage to calculate or measure the amount of alimony or property to be awarded a party in a divorce action and each case must stand on its own facts. *Reed v. Reed*, Okl., 456 P.2d 529.

■ The amount of alimony and the particular division of property rests within the sound discretion of the trial court, to be exercised in light of all surrounding circumstances, and such alimony and property division will not be disturbed unless clearly against the weight of the evidence. See *Henley v. Henley*, Okl., 428 P.2d 258.

In the instant case, the plaintiff received the welding truck, together with all equipment and tools, including a crane, with approximate equity of $10,000.00, plus the sum of $2,500.00 to be paid by defendant within five years or when the house was sold, whichever occurred first, and secured by a lien on said house. The defendant received the home, with approximate equity of $10,000.00; the furniture and furnishing, valued at $1,000.00; and an automobile, valued at approximately $1,000.00.

Even though the Supreme Court has stated that a "just and reasonable" division of property does not necessarily mean an equal division, in the instant case the trial court effected an almost equal division of the jointly acquired property. Furthermore the Supreme Court held in *Peters v. Peters, supra*, that it is not error to award wife the home subject to a lien in favor of husband, which would become due and payable only when the house was sold by wife.

■ We have carefully examined the record and find there is sufficient ground to sustain the trial court, and the judgment is not against the evidence. A trial court's judgment will not be disturbed on appeal unless found to be clearly contrary to the weight of the evidence. *Miller v. Miller*, Okl., 456 P.2d 113. Further, we find no abuse of discretion. *Peters, supra*.

Each party is to bear his own attorney fee for purposes of this appeal.

AFFIRMED.

REYNOLDS, P. J., and ROMANG, J., concur.