William J. WOZNIAK, Plaintiff-Respondent,

v.

Opal M. WOZNIAK and Condon Total Comfort, Inc., a Wisconsin corporation, Defendants,

Ronald W. KOLOSKY, Defendant-Appellant.

Supreme Court

*No. 84–003. Argued November 26, 1984.—*
*Decided December 21, 1984.*

(Also reported in 359 N.W.2d 147.)

For the defendant-appellant there were briefs by *Charles K. Wildermuth,* Green Lake, and oral argument by *Tom Jones.*

For the plaintiff-respondent there was a brief and oral argument by *Michael P. Lehner,* Princeton.

WILLIAM G. CALLOW, J.   This is an appeal from a judgment of the circuit court for Green Lake county which held that William J. Wozniak was entitled to a judgment of foreclosure.  The appeal was certified by the court of appeals and accepted by this court pur-

suant to sec. (Rule) 809.61, Stats. We affirm the trial court.

The issue presented on appeal is whether the lien against a joint tenant's interest in real estate awarded to secure payment of a divorce judgment in this case is a mortgage lien under sec. 700.24, Stats., so that it survives the joint tenant's death.

Opal and William Wozniak were divorced in February, 1982, in Kenosha county. At the time of the divorce, Opal Wozniak owned a parcel of real estate in Green Lake county in joint tenancy with her grandson, Ronald W. Kolosky. As part of the divorce judgment, the trial court[1] awarded Opal her interest in the property

"[s]ubject to a lien to William J. Wozniak to secure payment to him of the sum of $8,817.38, same to bear interest from February 8, 1982, the date of Judgment, at the rate of fifteen (15%) percent per annum and to be due within six (6) months of the date of Judgment and further providing that in the event of a suit for foreclosure of said lien, expenses of such foreclosure including but not limited to taxable costs and attorney fees."

An abridgement of the judgment of divorce was recorded in the Green Lake County Register of Deeds office on February 23, 1982, in accordance with sec. 767.255, Stats.[2]

Opal Wozniak died on January 19, 1983. In February of 1983 William Wozniak commenced an action in Green

[1] Although the divorce judgment was not made a part of the record, the parties, in their briefs and at oral argument, indicated that Judge Earl D. Morton of Kenosha county granted the judgment of divorce.

[2] Sec. 767.255, Stats., provides, in relevant part: "A certified copy of the portion of the judgment which affects title to real estate shall be recorded in the office of the register of deeds of the county in which the lands so affected are situated."

Lake county circuit court to foreclose the lien which had been awarded to him in the divorce judgment.

Ronald Kolosky, the surviving joint tenant, intervened in the foreclosure proceeding and answered the complaint by asserting that upon Opal's death he became the sole owner of the property and acquired Opal's interest free and clear of the lien awarded to William Wozniak in the divorce judgment.

Judge Willis found that the lien was a mortgage lien, stating:

"It is the finding of this Court that a divorce lien is the equivalent of a mortgage lien. In a divorce action, the Court has jurisdiction over any interest that the parties may have in any real estate; that when a Court having jurisdiction over the real estate orders that a lien be placed against that real estate and further sets an interest rate that the legal effect shall be the creation of a lien equal to a mortgage and shall only be subject to prior liens.

"Therefore, the Court rules that in this case the lien is in the same class as a mortgage; that under 700.24 of the statutes the surviving joint tenant takes the property subject to the mortgage lien created by the divorce."

On December 19, 1983, a judgment was entered in the foreclosure action in favor of Wozniak. Kolosky filed a notice of appeal on December 28, 1983. We accepted the certification of the appeal by the court of appeals on September 17, 1984.

The issue we decide is whether the lien awarded to William Wozniak against the interest in the real estate Opal Wozniak held in joint tenancy with Kolosky was a mortgage lien or merely a judgment lien. The importance of this distinction is indicated by a reading of sec. 700.24, Stats:

"**Death of a joint tenant; effect of liens.** A real estate mortgage, a security interest under ch. 409, or a lien

under ss. 71.13(3)(b), 72.86(2), ch. 49 or 779 on or against the interest of a joint tenant does not defeat the right of survivorship in the event of the death of such joint tenant, but the surviving joint tenant or tenants take the interest such deceased joint tenant could have transferred prior to death subject to such mortgage, security interest or statutory lien."

If the lien awarded to William Wozniak in the divorce judgment is found to be a mortgage, then the lien survived Opal's death and Kolosky, the surviving joint tenant, acquired Opal's interest in the property subject to the lien. If the lien is found to be merely a judgment lien, it was extinguished upon Opal's death and Kolosky would take Opal's interest in the property free and clear of the lien.

Although a mortgage and a judgment may both serve as liens against real estate, the nature of the liens afforded differs. *Black's Law Dictionary*, 911 (5th ed. 1979), defines a mortgage as "a pledge or security of particular property for the payment of a debt or the performance of some other obligation, whatever form the transaction may take." Black's defines a judgment lien as "[a] lien binding the real estate of a judgment debtor, in favor of the holder of the judgment, and giving the latter a right to levy on the land for the satisfaction of his judgment to the exclusion of other adverse interests subsequent to the judgment." *Id.* at 758. While a mortgage serves as security for a particular piece of property, a judgment lien ordinarily is not a lien on any specific real estate of the judgment debtor but is a general lien on all of the debtor's real property. 49 C.J.S. *Judgments* sec. 455 (1947).

In *Musa v. Segelke & Kohlhaus Co.*, 224 Wis. 432, 272 N.W. 657 (1937), a husband and wife owned real estate as joint tenants. A judgment was docketed against

the husband, but no execution was issued on the judgment until after the husband's death. This court affirmed the trial court's finding that the surviving joint tenant acquired the decedent's interest in the property free and clear of the judgment lien.

" '[A] judgment is but a security for a debt, and the lien of a judgment on lands does not constitute, in law, *per se*, a property or right in the land itself, and a plaintiff who obtains a judgment does not thereby acquire any interest or estate in the property.'

"  . . . .

"[T]he lien of the judgment in question could attach only to such interest or estate as Adam Musa actually and effectively had in the premises. However, as his interest or estate continued to be that of a joint tenant, while he was alive, it was at all times subject to and limited by the right of survivorship, which is a special incident of every joint tenancy.

"[U]pon the death of a joint tenant, there remains no interest or property right in the deceased in the premises held by him in joint tenancy up to the time of his death, in respect to which there can be operative an execution issued after his decease on a judgment against him." *Id.* at 435–37.

The holding in *Musa* was reaffirmed in *Northern State Bank v. Toal,* 69 Wis. 2d 50, 230 N.W.2d 153 (1975).

■ ■

In determining what type of lien was created by the divorce judgment, we note that the trial court has broad powers to divide property in divorce actions. Sec. 767.01(1), Stats., provides in part: "The circuit courts have jurisdiction of all actions affecting the family and have authority to do all acts and things necessary and proper in such actions and to carry their orders and judgments into execution." Sec. 767.255, provides that upon every judgment of divorce, "the court shall divide

the property of the parties and divest and transfer the title of any such property accordingly." The division of property in a divorce is within the sound discretion of the trial court. *Wilberscheid v. Wilberscheid,* 77 Wis. 2d 40, 44, 252 N.W.2d 76 (1977). The responsibility of the trial court is to fairly, equitably, and justly divide the marital property between the spouses. *Lacey v. Lacey,* 45 Wis. 2d 378, 382, 173 N.W.2d 142 (1970).

In the Wozniak divorce judgment, it is clear that Judge Morton intended to give William Wozniak a security interest in the specific property owned jointly by Opal and Kolosky to secure the payment of $8,817.38 to William, together with interest and expenses of a foreclosure proceeding. This court has previously stated that a transfer of property as security, regardless of the form thereof, is a mortgage. *Beebe v. Wisconsin Mortgage Loan Co.,* 117 Wis. 328, 332, 93 N.W. 1103 (1903). In *Barr v. Granahan,* 255 Wis. 192, 195, 197, 38 N.W.2d 705 (1949), we stated:

"[W]hatever be the form of the transaction, if intended as a security for money, it is a mortgage, and the right of redemption attaches to it.

". . . .

"It was stated in *Smith v. Pfluger* (1905), 126 Wis. 253, 256, 105 N.W. 476:

"'The mere form of an instrument cuts but very little figure in respect to whether it is enforcible as a mortgage or not upon its character being called in question in a legal or equitable action, as those terms are used under our system. The purpose of the instrument is the controlling feature under all circumstances. If that is security and the facts of the matter are established in any action involving the subject, the instrument is treated as a mortgage and nothing else.'"

It is also helpful to consider the means which the trial court provided for Wozniak to enforce the payment of the sum awarded to him. The divorce judgment spoke of a "suit for foreclosure" and provided that Wozniak would be entitled to recover his expenses of a foreclosure action if such a suit was necessary. If a mortgage is unpaid, the mortgagee's remedy is to bring a foreclosure action. *See generally* Chapter 846, Stats. The holder of a judgment lien enforces it by executing on the debtor's property. *See* sec. 815.02. While construction liens and mechanic's liens are also enforced by foreclosure (*see generally* sec. 779.09, as to construction liens; and *Stevens Construction Corp. v. Draper Hall, Inc.,* 73 Wis. 2d 104, 242 N.W.2d 893 (1976), and *H. & M. Heating Co. v. Andrae,* 35 Wis. 2d 1, 150 N.W. 2d 379 (1967), as to mechanic's liens), it is clear that the interest awarded to Wozniak was neither a construction lien nor a mechanic's lien. In deciding whether the trial court contemplated Wozniak's interest to be a judgment lien or a mortgage, the fact that the court contemplated the enforcement of the secured interest by means of a foreclosure action is persuasive evidence that the trial court awarded a mortgage interest in the property.

Even though the term "mortgage" was not used in the divorce judgment, Wozniak was awarded a lien on a specific parcel of real estate as security for the payment of a sum of money, bearing interest at a specific rate, and due at a specific date. The judgment also spoke of the possibility of Wozniak's bringing a foreclosure action to secure payment. These are characteristics of a mortgage rather than a judgment lien. To avoid the problem created by the judgment in this case, trial

courts should specify in the divorce judgment the type of lien awarded.

Based on the record in this case, we find that the lien awarded to William Wozniak in the judgment of divorce was a real estate mortgage lien. Accordingly, under sec. 700.24, Stats., upon Opal Wozniak's death, Kolosky took Opal's interest in the property subject to William Wozniak's lien.

*By the Court.*—The judgment of the circuit court is affirmed.