WALWORTH v WIMMER

Docket No. 132076. Submitted February 3, 1993, at Lansing. Decided July 7, 1993, at 9:05 A.M.

Terry Walworth obtained a divorce from Kenneth Wimmer in the Sanilac Circuit Court, Allen E. Keyes, J., and was granted a lien on certain real estate awarded to the defendant. The judgment provided that if the defendant failed to comply with the payment schedule contained in the judgment, the plaintiff had "the right to enforce her legal remedies or by equitable action." The parties subsequently executed a mortgage on the property as additional security that granted the plaintiff the same remedies as the judgment of divorce. When the defendant failed to comply with the payment schedule, the plaintiff moved for an order authorizing a judicial sale to satisfy the lien. The defendant requested that a redemption period be provided. The court entered an order authorizing the judicial sale and granting the defendant a thirty-day redemption period. The defendant appealed, alleging that the lien was not enforceable and that the plaintiff was required to foreclose on the mortgage.

The Court of Appeals held:

1. The circuit court had the power to order a judicial sale to effectuate the terms of its judgment.

2. The security interest provided by the lien in the judgment of divorce was separate and distinct from the mortgage executed by the parties with regard to the same property. Once the amount owed became due and was not paid, the plaintiff had the option, pursuant to the terms of the judgment of divorce, to enforce the lien.

Affirmed.

1. Divorce — Property Division — Liens.

When a court provides a lien on marital property, it impliedly grants money to one of the parties; the lien is a security interest for the money owed by one party to the other.

References

Am Jur 2d, Divorce and Separation §§ 774-784, 1030, 1031.

Decree for periodical payments for support or alimony as a lien or the subject of a declaration of lien. 59 ALR2d 656.

2. COURTS — CIRCUIT COURTS — ENFORCEMENT OF JUDGMENTS.

    A court possesses inherent authority to enforce its own directives; a circuit court may make any order proper to fully effectuate its jurisdiction and judgments (MCL 600.611; MSA 27A.611).

3. EQUITY — DIVORCE.

    A divorce action is equitable in nature, and a court of equity molds its relief according to the character of the case; once a court of equity acquires jurisdiction, it will do what is necessary to accord complete equity and to conclude the controversy.

*Rand G. Smith,* for the plaintiff.

*Paterson & Paterson* (by *John S. Paterson*), for the defendant.

Before: FITZGERALD, P.J., and WEAVER and MARILYN KELLY, JJ.

PER CURIAM. Defendant appeals as of right an order authorizing a judicial sale to satisfy an equitable real estate lien granted plaintiff pursuant to the parties' judgment of divorce. On appeal, defendant asserts that the trial court erred in ordering a sale to satisfy the lien rather than requiring plaintiff to foreclose on a mortgage covering the same property.[1] We affirm.

The parties were divorced on February 27, 1989. Defendant was granted certain real estate in Sanilac County, and plaintiff was granted a lien on the property in the amount of $12,834.45. The payment schedule provided for defendant to pay $5,000 on or before October 28, 1989, and to pay the remaining balance on or before April 27, 1990. The judgment further provided that if defendant should default, plaintiff had the right "to enforce her legal remedies or by equitable action."

A mortgage on the property was executed by the

[1] Apparently, defendant wanted plaintiff to foreclose on the mortgage so that he would have a statutory period of redemption.

parties as additional security. The mortgage, which was recorded on August 10, 1989, granted to plaintiff the same remedies as provided in the judgment of divorce.

On October 29, 1989, defendant had paid plaintiff $1,709.05. In response to plaintiff's motion to show cause regarding why the property should not be sold to satisfy the debt, defendant requested that a period of redemption be provided. On July 2, 1990, an order of judicial sale granting defendant a thirty-day redemption period was entered.

On appeal, defendant argues that the lien provided in the judgment of divorce is not enforceable and that plaintiff was required to foreclose on the mortgage. We disagree.

When a court provides a lien on marital property, it impliedly grants money to one of the parties; a lien is a security interest for money owed by one party to the other. *Lawrence v Lawrence,* 150 Mich App 29, 33; 388 NW2d 291 (1986). A court possesses inherent authority to enforce its own directives. *Greene v Greene,* 357 Mich 196, 202; 98 NW2d 519 (1959). A divorce case is equitable in nature, and a court of equity molds its relief according to the character of the case; once a court of equity acquires jurisdiction, it will do what is necessary to accord complete equity and to conclude the controversy. *Schaeffer v Schaeffer,* 106 Mich App 452, 457; 308 NW2d 226 (1981). In addition, MCL 600.611; MSA 27A.611 provides circuit courts with jurisdiction and power to make any order proper to fully effectuate the circuit courts' jurisdiction and judgments.

In the present case, the security interest provided by the lien in the judgment of divorce was separate and distinct from the mortgage executed by the parties regarding the same property. Thus,

once the amount owed became due and was not paid, plaintiff had the option, pursuant to the terms of the judgment of divorce, to enforce the lien. The circuit court had the power to order a judicial sale to effectuate the terms of its judgment.[2]

Affirmed.

---

[2] The language of the lien provided in the judgment of divorce did not provide for a period of redemption. However, in its discretion, the trial court granted defendant a thirty-day redemption period.