**FIRST COMMUNITY BANK OF BLANCHARD, an Oklahoma Banking Corporation, Appellant,**

v.

**Melba Ruth HODGES, Appellee.**

No. 85021.

Supreme Court of Oklahoma.

Nov. 7, 1995.

G. Thorne Stallings, Jr., Blanchard, for Appellant.

Stephen L. Bruce, Richard S. Winblad, Greg McCracken, Oklahoma City, for Appellee.

KAUGER, Vice Chief Justice:

The first impression question presented is whether the wife's lien filed in the county where the husband's real property was located, but not filed in accordance with 12 O.S. 1991 § 706,[1] is superior to a general judg-

---

1. The wife's divorce was granted on January 21, 1993, and filed the same day. Title 12 O.S.1991 § 706 was in effect at the time of the divorce, and it provides in pertinent part:

"**A. Judgments** of courts of record of this state and of the United States **shall be liens on the real estate of the judgment debtor within a county after a certified copy of such judgment with an affidavit of judgment** in the form provided in Section 2 of this act attached on the front of, and incorporating by reference, such judgment **has been filed in the office of the county clerk in that county. No judgment, whether rendered by a court of the state or of the United States, shall be a lien on the real estate of a judgment debtor in any county until it has been filed in this manner....**" (Emphasis supplied.)

Prior to January 1, 1991, § 706 was virtually identical to the version quoted above. Effective

ment lien filed later in time in compliance with § 706. We find that it is.

## FACTS

Melba Ruth Hodges (wife) and Mansel Hodges (husband) were divorced in McClain County, Oklahoma, on January 21, 1993. The husband was awarded certain real property located in Blanchard, McClain County, Oklahoma. **The wife was awarded $36,-000.00 alimony in lieu of property division payable in six consecutive yearly installments of $6,000.00 to begin on January 2,** 1996. The $36,000.00 was secured by a decree-ordered lien against the husband's real property.[2] A certified copy of the journal entry order and divorce decree was filed on January 21, 1993, with the McClain County Clerk.

■ In June of 1994, the First Community Bank of Blanchard (Bank) obtained a default judgment in McClain County District Court against the husband for $18,711.24, plus post-judgment interest and costs. On July 15, 1994, the Bank filed a general money judgment lien pursuant to 12 O.S.1991 § 706.[3]

---

January 1, 1991, the statute was amended to require that a certified copy of the judgment be filed with the county clerk in order to create a general judgment lien. However, effective June 1, 1991, the statute was again amended to require that an affidavit of judgment also be filed. We note that the amendments to § 706, effective June 1, 1991, were a part of the Legislature's overhaul of Title 12. Oklahoma Session Law 1991, Ch. 251, § 23, which was not codified provides:

"Any judgment or order of a district court rendered on or after January 1, 1991 and before the effective date of this act, which substantially complies with this act or with the law which was effective prior to the effective date of this act, shall have the same force and effect as any other properly rendered judgment or order."

Section 706 was again amended, effective in October of 1993. The Bank filed its general judgment lien in July of 1994. Title 12 O.S.Supp.1993 § 706 provides in pertinent part:

"This section applies to all judgments of courts of record of this state, and judgments of courts of record of the United States not subject to the registration procedures of the Uniform Federal Lien Registration Act, Section 3401 et seq. of Title 68 of the Oklahoma Statutes, which award the payment of money, regardless of whether such judgments also include other orders or relief.

**A.** Creation of Lien. **A judgment to which this section applies shall be a lien on the real estate of the judgment debtor within a county only from and after a Statement of Judgment made by the judgment creditor or his attorney, substantially in the form prescribed by the Administrative Director of the Courts, has been filed in the office of the county clerk in that county....**

**E.** Effect of Filing or Recording a Judgment. The filing or recording of a judgment itself in the office of a county clerk on or after October 1, 1993, shall not be effective to create a general money judgment lien upon real estate, but a certified copy of a judgment may be recorded in such office for the purpose of giving notice of its contents, whether or not recording is required by law." (Emphasis supplied.)

**2.** The divorce decree provides in pertinent part at pp. 5–6:

"PROPERTY DIVISION ALIMONY
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant shall pay to the Plaintiff by agreement of the parties the sum of $36,000.00 as and for property division alimony payable at the rate of $6,000.00 per year starting January 2, 1996, and payable in installments at the rate of $6,000.00 per year on January 2 of each year thereafter for six (6) consecutive years until the $36,000.00 is paid in full. The $36,000.00 due and owing to the Plaintiff from the Defendant as and for property division alimony herein shall be a lien on the real property owned and herein awarded to the Defendant, more particularly described as:
5. 718 N. Monroe, Blanchard, Oklahoma, described as: The West 100 feet of Lots 15 and 16, Block 22, in the town of Blanchard, Oklahoma, according to the recorded map and plat thereof; Less and Except all the oil, gas and minerals and oil, gas and mineral rights in and under said tract.
6. 323 N. Van Buren, Blanchard, Oklahoma, described as: The West 50 feet of Lots 13, 14, and 15 in Block 56, of the town of Blanchard, according to the recorded plat thereof.
located in McClain County, Oklahoma. The property division alimony due and owning shall constitute a first secured mortgage on this said real property owned by the Defendant. Defendant agrees that if he ever is forced to file bankruptcy, he shall not bankrupt this property division alimony due to Plaintiff."

**3.** The Bank filed an affidavit of judgment as required by 12 O.S.1991 § 706, see note 1, supra. However, § 706 was amended effective October 1, 1993, and it requires the filing of a statement of judgment, 12 O.S.Supp.1993 § 706, see note 1, supra. The wife argues that the Bank's lien is invalid because it filed the improper form. However, we find this argument unpersuasive because: 1) the information required on both forms is virtually identical; 2) 12 O.S.Supp. 1993 § 706, requires that the form be in substan-

The Bank filed an action for declaratory judgment on October 6, 1994, naming the wife. The Bank requested that the court find its judgment lien superior to any interest which the wife claimed in the husband's real property. Pursuant to its request for declaratory judgment, the Bank filed a motion for summary judgment, arguing that its lien was superior to the wife's lien because she had failed properly to perfect her lien under 12 O.S.1991 § 706. The wife also filed a motion for summary judgment asserting that she was not required to perfect her lien under § 706. The trial court entered summary judgment for the wife and against the Bank on January 5, 1995. The Bank appealed and the Court of Appeals reversed. We granted certiorari on September 26, 1995, because the priority contest between the Bank's lien and the wife's lien presents a question of first impression.

### TITLE 12 O.S.1991 § 706 DOES NOT CONTROL THE ISSUE OF PRIORITY BETWEEN THE BANK'S GENERAL JUDGMENT LIEN AND THE WIFE'S DECREE–ORDERED LIEN. THE

tial compliance; and 3) the Bank filed a statement of judgment in December of 1994, in addition to the affidavit of judgment it had filed 6 months earlier. It is undisputed that the wife has not filed any form pursuant to § 706. Accordingly, the question of priority between the Bank's lien and the wife's lien is not affected by which form the Bank filed.

4. Title 12 O.S.1991 § 706, see note 1, supra.

5. *United Oklahoma Bank v. Moss*, 793 P.2d 1359, 1362 (Okla.1990); *Harmon v. Harmon*, 770 P.2d 1, 6 (Okla.1983); *Peters v. Peters*, 539 P.2d 26, 27 (Okla.1975); *Gordon v. Gordon*, 461 P.2d 14, 16 (Okla.1969); *Grattan v. Tillman*, 323 P.2d 982, 984 (Okla.1957); *Ward v. Ward*, 317 P.2d 254, 256 (Okla.1957); *Haven v. Trammell*, 79 Okla. 309, 193 P. 631, 633 (Okla.1920); See also, *Harris v. Harris*, 606 P.2d 619, 621 (Okla.App.1980).

6. In *Harmon v. Harmon*, see, note 5 at 5, supra (Recognizing that a decree-ordered lien is an equitable lien; we said that its terms were:

"... not governed by contract or statute, but instead are based upon equitable considerations.... [A] court of equity, independent of statute has jurisdiction to award alimony; and it must follow that a court can enforce its orders by impressing its judgment as a lien upon realty owned by the defendant, if in its

### WIFE HAS A VALID LIEN WHICH IS SUPERIOR TO THE BANK'S LIEN.

■ The Bank argues that the wife was required to comply with 12 O.S.1991 § 706 [4] in order to perfect her lien, and that because the wife failed to perfect her lien under § 706, its lien is superior. The wife counters that § 706 is inapplicable. She insists that her lien is superior to the Bank's lien because she filed her divorce decree with the McClain County Clerk.

This Court has not previously addressed the precise issue of whether a spouse, who secures a decree-ordered lien payable in periodic future installments, must comply with 12 O.S.1991 § 706 in order to perfect a decree-ordered lien. Neither party cites a case which is directly on point; and our research does not reveal any cases which have determined a similar issue under facts like those presented here.

■ However, this Court has long held that a trial court may impose a decree-ordered lien against property to secure payment of alimony.[5] The lien is an equitable lien created by force of judicial decree.[6] Ti-

opinion it is in the furtherance of what is fair and just.... [A]n equitable lien ... is not a right of property in the subject matter of the lien nor a right of action therefore, nor does it depend upon possession; *but [it] is merely a right to have the property subjected to the payment of a debt or claim...."* (Citations omitted.) (Emphasis in original.)

The equitable lien is imposed to secure one spouse's obligation to pay a monetary award that represents the consideration for the other spouse's relinquishment of his or her interest in the marital estate. See, *United Oklahoma Bank v. Moss*, note 5 at 1362–63, supra (Finding that a decree-ordered lien which secures the payment of money in lieu of property division was an equitable lien analogous to a purchase money security interest. The marital estate was transformed into a security interest when the marital estate was divided by the divorce decree. The transferee's title came already burdened with the lien in the transferrer's favor.). See also, *Walworth v. Wimmer*, 200 Mich.App. 562, 504 N.W.2d 708, 709 (1993) (Lien on marital property is a security interest for money owed by one party to the other.). The bank insists that the husband's property which was encumbered by the wife's lien was his separate property prior to the divorce. However, nothing in the record supports this contention; and it is contrary to the express language of the divorce decree.

tle 43 O.S.Supp.1992 § 134(A) directs the trial court to clearly express its intent to create a decree-ordered lien from the language in the divorce decree.[7] No lien is created in a divorce decree unless the court specifically creates one. Here, it is clear that the divorce decree created an equitable lien against the husband's real property to secure the payment of the wife's alimony.[8]

Central to the Bank's position is that the wife's decree-ordered lien is a money judgment lien; and that pursuant to 12 O.S.1991 § 706[9] no judgment which awards the payment of money becomes a valid lien upon real estate until the requisite form is filed with the county clerk under § 706. We agree with the Bank that the wife was awarded money which was secured by a lien. **However, the wife's alimony award was ordered payable in future installments which do not begin until January of 1996.** In *Record v. Record*, 816 P.2d 1139, 1142–43 (Okla. 1991), we held that an acceleration clause in a divorce decree was invalid because it allowed court-ordered future installment payments of alimony in lieu of property division to become due and payable prior to their maturity. Recognizing that the court could have ordered the alimony due and payable at once, we stated that:

7. Title 43 O.S.Supp.1992 § 134(A) provides in pertinent part:

> "... Payments pertaining to a division of property are irrevocable and not subject to subsequent modification by the court making the award. **An order for the payment of money pursuant to a divorce decree, whether designated as support or designated as pertaining to a division of property shall not be a lien against the real property of the person ordered to make such payments unless the court order specifically provides for a lien on real property.** An arrearage in payments of support reduced to a judgment may be a lien against the real property of the person ordered to make such payments." (Emphasis supplied.).

8. See discussion note 2, supra. The Bank argues that the divorce decree is ambiguous as to whether the trial court intended to create a lien against the husband's real property. However, we find that the Bank waived its ambiguity argument when it conceded in its motion for summary judgment that the divorce decree was clearly intended to be a lien. The motion for summary judgment provides in pertinent part on p. 3:

"We have long held, however, that where periodic payments are ordered, they are not owing and enforceable until they are each due. The right to enforce a periodic payment of 'alimony or support ... accrues on each payment as it matures and the statute of limitations begins to run on each installment from the time fixed for its payment.'" (Citations omitted.).

■ Pursuant to *Record*, the husband's debt is not yet outstanding, or enforceable. Title 12 O.S.1991 § 706 is a general statute which allows general money judgments to be converted into liens upon real property. Section 706 expressly provides the methods for judgment creditors such as the bank to obtain and perfect a money judgment lien once a judgment for money is entered against a judgment debtor. Until the husband's alimony debt is in arrearage, there is no money judgment within the meaning of 12 O.S.1991 § 706.[10] Rather, the decree-ordered lien secured the wife's future alimony installments against specific parcels of the husband's real estate. The wife's security interest in this real property is analogous to a real estate mortgage lien which secures a specific parcel of real property for the payment of a sum of money, due on a certain date.[11]

> "... there is no question but this provision of the decree was intended to function as a judgment lien securing property division alimony."

9. Title 12 O.S.1991 § 706, see note 1, supra.

10. Title 12 O.S.1991 § 706, see note 1, supra. See, *Knight v. Armstrong*, 303 P.2d 421, 424–425 (Okla.1956) which involved a divorce decree which awarded alimony and child support, but did not secure payment with a decree-ordered lien. The wife obtained a second, separate judgment for delinquent child support payments. This second judgment created a lien. The wife filed the divorce decree, but not the second judgment. This Court held that the wife, under 12 O.S.1951 § 706, never acquired a lien against her ex-husband's real property. We note that under the current statutory scheme, 43 O.S.Supp.1994 § 135 provides specific statutory procedures for filing a judgment lien for arrearages in child support against the debtor spouse.

11. See, e.g. *Wozniak v. Wozniak*, 121 Wis.2d 330, 359 N.W.2d 147, 149–50 (1984) (Recognizing that a lien granted in the context of a judgment of divorce is a mortgage by operation of law,

■ Our interpretation is buttressed by 12 O.S.1991 § 801 which requires that a judgment lien against realty be executed and levied within one year after rendition of the judgment in order to preserve its priority over other subsequent judgment creditors.[12] If a decree-ordered lien like the wife's were filed under 12 O.S.1991 § 706 it could not be executed within one year after the divorce decree is rendered and it would lose superiority under § 801.[13] The determination of legislative intent controls statutory interpretation.[14] The intent is ascertained from the whole act in light of its general purpose and objective.[15] Accordingly, we find that the husband is not a judgment debtor, nor is the wife's alimony award which was secured by the decree-ordered equitable lien a judgment within the meaning of the general lien statute.

■ This holding is a natural extension of prior cases in which we recognized that alimony in lieu of property division is not an ordinary money judgment. The wife's alimony judgment was given for satisfaction of a property division obligation.[16] In *Martin v. Martin*, 350 P.2d 270, 273 (Okla.1960), this Court refused to apply a general statute which would allow interest on a lump sum award of alimony in lieu of property division. We recognized that in divorce actions where one party seeks or is awarded a money judgment in lieu of alimony or property settlement, there is no specific previously existing obligation or liability. We stated that:

> "[c]ases involving divorce and alimony are in a class apart from those wherein judgments are sought for money only...." (Citations omitted.)

A decree impressed lien is not a general judgment for the recovery of money. One who has a decree impressed lien need not comply with § 706. Here, the wife filed the decree with the McClain County Clerk where the real property was located.[17] The Bank

---

where the facts of the case indicate that the court intended that a lien attach to a specific parcel of real estate for the purpose of securing a debt whose satisfaction represents a division of the marital estate.).

**12.** See, *Aetna Finance Co. v. Schmitz*, 849 P.2d 1083, 1084 (Okla.1993). Title 12 O.S.1991 § 801 provides in pertinent part:

"No judgment heretofore rendered, or which hereafter may be rendered, on which execution shall not have been taken out and levied before the expiration of one (1) year next after its rendition, shall operate as a lien on the estate of any debtor, to the prejudice of any other judgment creditor...."

**13.** Title 12 O.S.1991 § 801, see note 12, supra. *Record v. Record*, 816 P.2d 1139, 1142–43 (Okla. 1991).

**14.** *Smicklas v. Spitz*, 846 P.2d 362, 366 (Okla. 1992); *Clifton v. Clifton*, 801 P.2d 693, 696 (Okla.1990); *Fuller v. Odom*, 741 P.2d 449, 451–453 (Okla.1987).

**15.** *Oglesby v. Liberty Mut. Ins. Co.*, 832 P.2d 834, 839 (Okla.1992); *Smicklas v. Spitz*, see note 14, supra.

**16.** *Traczyk v. Traczyk*, 891 P.2d 1277, 1281 (Okla. 1995); *Greer v. Greer*, 807 P.2d 791, 794 (Okla. 1991); *Johnston v. Johnston*, 440 P.2d 694, 697 (Okla.1968) (Alimony in lieu of a division of property is not for support, rather it is an equitable disposition of property.).

**17.** The wife argues that the divorce decree created a mortgage conveyance because the decree refers to a lien against the husband's real property as a first secured mortgage, see note 2, supra. Because we find that the wife's lien is similar to a mortgage lien, we need not address whether the wife's lien qualifies as an actual mortgage under the statutes. However, we note that 12 O.S.1991 § 687 provides:

"When a judgment shall be rendered for a conveyance, release or acquittance, in any court of this state, and the party against whom the judgment shall be rendered does not comply therewith by the time appointed, such judgment shall have the ·same operation and effect and be as available, as if the conveyance, release or acquittance had been executed conformably to such judgment; or the court may order such conveyance, release or acquittance to be executed in the first instance by the sheriff; and such conveyance, release or acquittance, so executed, shall have the same effect as if executed by the party against whom the judgment was rendered."

Title 16 O.S.1991 § 31 provides:
"Any judgment or decree of a court of competent jurisdiction finding and adjudging the rights of any party to real estate or any interest herein, duly certified may be filed for record and recorded in the office of the register of deeds, with like effect as a deed duly executed and acknowledged."

These statutes work together to ensure that if a court has determined that a person is entitled to a conveyance of certain real property and the person who holds the deed refuses to comply

argues that notice is insufficient when the divorce decree is filed with the County Clerk, unless it is filed under 12 O.S.1991 § 706. We find this argument unpersuasive. The purpose of statutes which govern the filing of liens and their perfection is to protect third parties who act in good faith and without notice.[18] The Bank in its motion for summary judgment concedes that after searching records at the McClain County Court Clerk's office, it located the wife's lien and identified the husband's property which was encumbered by it. The Bank had actual notice of the wife's lien. Even if the Bank had not had actual notice of the lien, it at least had constructive notice.[19] Consequently, the wife's lien was perfected when the divorce decree was filed, and it is superior to the Bank's lien which was perfected later in time in accordance with § 706.[20]

## THE WIFE'S MOTION FOR APPEAL–RELATED ATTORNEY FEES SHOULD BE GRANTED.

with the court's judgment, the person who was determined to be entitled to the property may file the court's judgment in the office of the register of deeds. The judgment then becomes as effective as a duly executed and acknowledged deed. These statutes are applicable here to the extent that the wife adequately protected the superiority of her lien by filing the divorce decree in the county where the property was located. The divorce decree divided the marital estate and ordered conveyances of property. When the martial estate was divided in the divorce decree, title to the property came to the husband burdened with the lien. *United Oklahoma Bank v. Moss*, see note 5, supra. When the decree was filed the encumbrance on the husband's specific property was recorded in the county clerks' office.

**18.** *Richardson v. Park Avenue Bank*, 173 Ga.App. 43, 325 S.E.2d 455, 457 (1984).

**19.** See, the current version of the Title Examination Standards in Oklahoma, 16 Ch. 1., App., (adopted in 1993) which recognize that filing a divorce decree which provides for a lien for alimony in lieu of property division serves as constructive notice of the lien. Standard 12.2(A) provides:

"LIEN FOR PROPERTY DIVISION ALIMONY ON OR AFTER SEPTEMBER 1, 1991.
An order for the payment of property division alimony in a divorce decree, whether payable in a single sum or periodically, shall be a lien against the real property of the person against whom the property division alimony is awarded ('the debtor spouse') and provide construc-

The wife has filed a motion for appeal-related attorney fees. Appeal-related attorney fees are recoverable when there is statutory authority for the award of attorney fees in the trial court.[21] Because 42 O.S.1991 § 176 [22] provides a basis for the award in the trial court, the wife's motion is granted.

## CONCLUSION

Title 12 O.S.1991 § 706 is a general statute which is intended to give lienable quality to a judgment for the recovery of money. Section 706 allows a general money judgment to be converted into a lien upon real property. However, such a lien is not created from a money judgment until compliance with § 706.

The wife did not need to comply with § 706 in order to have the decree impressed with a lien. Her divorce judgment was made a lien by force of judicial decree. A decree impressed lien is not a general judgment for the recovery of money. One who has a

tive notice to subsequent purchasers and lienors if:
1. The order states the amount of alimony as a definite sum; and
2. The order expressly provides for a lien on the debtor spouse's real property; and
3. Either
a. The court's order providing for a lien is recorded in the office of the county clerk for the county in which the real property is situated, or,
b. The debtor spouse acquired some or all of the interest in the real property that is subject to the lien via the divorce decree."
See also, *United Oklahoma Bank v. Moss*, note 5, supra; *Watkins v. Watkins*, 922 F.2d 1513, 1514 (10th Cir.1991).

**20.** Title 42 O.S.1991 § 15 provides:

"Other things being equal, different liens upon the same property have priority according to the time of their creation, except in cases of bottomry and respondentia."

**21.** *Oklahoma Turnpike Authority v. Asher*, 863 P.2d 1205, 1208 (Okla.1993); *Oklahoma Turnpike Authority v. Horn*, 861 P.2d 304, 308 (Okla. 1993); *Oklahoma Turnpike Authority v. New*, 853 P.2d 765, 767 (Okla.1993).

**22.** Title 42 O.S.1991 § 176 provides:

"In an action brought to enforce any lien the party for whom judgment is rendered shall be entitled to recover a reasonable attorney's fee, to be fixed by the court, which shall be taxed as costs in the action."

decree impressed lien need not comply with § 706. Merely filing the divorce decree in the county clerk's office where the property is located gives notice to third parties that the decree-ordered lien exists.

The wife's decree-ordered lien was filed in the county where the real property is located, giving the Bank notice of its existence. Because the wife's lien was filed prior in time to the Bank's lien, the wife has a valid lien which is stronger in law and superior to the later filed Bank's lien. Consequently, the trial court is AFFIRMED. The cause is remanded to the trial court to conduct an evidentiary hearing to determine the reasonable amount of appeal-related attorney fees and assess that amount against the Bank.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF APPEALS OPINION VACATED; TRIAL COURT AFFIRMED AND REMANDED TO DETERMINE THE REASONABLE AMOUNT OF APPEAL–RELATED ATTORNEY FEES.**

All Justices concur.