2001 OK CIV APP 108

**Larry MORRIS, Plaintiff/Appellee,**

**v.**

**David C. ROLEY, an individual; Sooner Backhoe Service, Inc.; and David Roley Construction, Inc., Defendants/Appellants.**

**No. 95,266.**

Court of Civil Appeals of Oklahoma, Division No. 3.

July 13, 2001.

⊙⟿206

Gregory T. Tontz, Norman, OK, for Plaintiff/Appellee.

Todd Kernal, Shaeffer, Shaeffer, & Kernal, Norman, OK, for Defendants/Appellants.

BUETTNER, Presiding Judge:

¶ 1 In the first appeal in this case, Division III ordered, in part, that Larry Morris, as prevailing party against a counter-claim, was entitled to attorney fees.[1] Thereafter, on April 25, 2000, Morris filed a motion for attorney fees in District Court. The motion, with the hearing date of May 22, 2000 written on the first page, was hand-delivered to Defendants' lawyer. Neither side was aware of a hearing scheduled for May 1, 2000; however, the trial court ordered, as reflected in a minute order, the motion for attorney's fees "stricken." On May 22, 2000, a minute order reflects that the hearing was stricken by agreement, per announcement of counsel, and re-set on June 12, 2000. Defendants were notified of the new hearing date.

¶ 2 On June 12, 2000, the minute order states that Defendants did not file an objection or response with brief and that Morris' motion for attorney fees and costs was granted as requested. We affirm.

¶ 3 Defendants/Appellants (collectively "Roley") contend that the trial court abused its discretion in granting attorney fees and costs by default judgment and further argue that the award was erroneously entered after the court had stricken the motion on May 1, 2000.

¶ 4 Neither the record nor the briefs explain why any order was entered May 1, 2000. However, there is no argument that Roley had been given notice of any hearing on May 1, only 5 days after Plaintiff's Motion to Tax Costs and Attorneys' Fees was filed.

■■■■ ¶ 5 With respect to the scheduled hearing on May 22, 2000, one of Roley's attorneys states that he was contacted on May 22 about resetting the motion. Another attorney for Roley appeared at the Judge's chambers to inquire about the motion. The minute order of May 22 states that the hear-

ing was stricken by agreement and re-set to June 12, 2000. We emphasize "hearing" because that is what was stricken, not the motion. Roley's argument that there was no motion alive after the court struck the motion on May 1, 2000, that is, that the only avenue open to Morris after that time was an appeal of the order striking or a timely motion for reconsideration, vacation or modification, is not correct. When a court "strikes" a motion, it is striking the hearing on the motion. Title 12, Ch.2, App.1, District Court Rule 4(f) states:

> If the grounds supporting a motion are not presented for hearing when called, the court, in its discretion, may continue the hearing or rule on the motion or the motion may be denied as having been withdrawn or abandoned.

Although the term "strike" is not found in the rule, by tradition and practice, it means striking the hearing. Striking the hearing is not a ruling on the motion nor a denial of the motion. A striking of a hearing is not a final, appealable, order. In such a case, while the motion is no longer technically pending and awaiting judicial action, it is revived by resetting the hearing. Roley was on notice of the May 22, 2000 hearing and of its re-setting to June 12, 2000. His failure to object or respond in any manner, based on his mistaken belief that the May 1, 2000 striking was a final order, was at his peril, and was good ground for the trial court to enter its order awarding attorney fees and costs in favor of Morris, as requested.[2]

¶ 6 We note that all parties were represented at the June 12, 2000 hearing.[3] The trial court granted the motion "by default," which we understand to mean that it deemed the motion confessed because there was no objection filed. There is no record evidence that Roley requested leave of court to file an objection prior to June 12, even though he

---

1. Supreme Court case number 92,374.

2. 12 O.S. Supp.1993, Ch.2, App.1, District Court Rule 4(e): Any party opposing a motion, except those enumerated in Section c above [list of motions not requiring briefs or authorities, such as motions to continue a hearing, pretrial conference or trial] shall serve and file a brief or a list of authorities in opposition with fifteen (15) days

of the service of the motion, or the motion shall be deemed confessed.

3. The Journal Entry recites that counsel appeared for Roley, and counsel signed the Order. While Roley's brief on appeal claims that the motion was granted on the basis of Roley's failure to appear at the June 12, 2000 hearing, there is no record evidence to support this claim.

knew that the motion would be considered on that day. Rather, it appears that Roley decided to rely on his interpretation that the May 1, 2000 Summary Order was a final, appealable order.

¶7 Morris' motion for attorney fees was accompanied by his affidavit in conformance with the mandates of *State ex rel. Burk v. City of Oklahoma City,* 1979 OK 115, 598 P.2d 659. He stated that about half of his time was spent on defending Roley's counterclaims. The trial court awarded him half of the amount reflected on his time sheet. Roley's complaint that the amount of the award was too much is too late. The trial court did not abuse its discretion in the amount of the fees it awarded.

¶8 After the June 12, 2000 order, Roley requested rehearing. He included affidavits of his attorneys explaining how they concluded not to file an objection to the motion. Roley argued that the trial court lacked jurisdiction to consider the motion after it was stricken by the May 1, 2000 Summary Order. While Roley was free to rely on his jurisdictional argument, he could have also objected to attorney's fees without waiving the jurisdictional argument. It was too late to object to the merits of the motion in the Motion to Reconsider. We cannot say the trial court abused its discretion in denying the Motion to Reconsider. It could have found that reliance on the May 1, 2000 Summary Order, entered five days after the motion was filed and without any notice of a hearing, was unreasonable. It could also have found that Roley was at all times aware of the May 22 hearing and the continuance to June 12, and that an objection could have been filed or leave to file requested.

¶9 Finally, we agree that Morris should be awarded a reasonable attorneys fee in defending the prosecution of the instant appeal. The first appeal determined that he was entitled to attorneys fees. Appeal-related attorneys fees are recoverable when there is authority for an award of attorney fees in the trial court. *First Community Bank of Blanchard v. Hodges,* 1995 OK 124, ¶13, 907 P.2d 1047, 1053.

¶10 For the reasons stated, we AFFIRM the order awarding attorney fees and costs in favor of Morris, but REMAND the matter to the trial court for a determination of a reasonable fee for appeal-related attorneys fees.

HANSEN, C.J., concurs.

GARRETT, J., concurring in result:

¶1 I do not agree that every time a court "strikes" a motion, it is striking the hearing on the motion. Sometimes the court means to strike the motion from consideration. It is the intent of the court, at that time, that controls.