**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

In re:

PAULA JOANN LOWTHER,

   Debtor.

---

PAULA JOANN LOWTHER,

   Appellant,

v.

NEAL LOWTHER,

   Appellee.

No. 02-6075
BAP No. WO-01-081
(W.D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and **HARTZ** , Circuit Judge.

---

*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Debtor-appellant Paula Joann Lowther (Debtor) and her former husband, appellee Neal Lowther (Lowther), were divorced in June 1999. Their divorce decree awarded their marital residence to Debtor, but gave Lowther a lien against that property to protect his equity in the home. Debtor subsequently filed for Chapter 7 bankruptcy relief. Following her bankruptcy discharge, however, Lowther sought in state court to foreclose his lien against the former marital residence. The state court ordered the parties to sell the residence, but abated that order pending the outcome of these bankruptcy proceedings. The question presented by this appeal is whether, in attempting to foreclose his lien, Lowther violated the bankruptcy court's order discharging Debtor's personal debts.

The bankruptcy court determined that Lowther had not violated the bankruptcy discharge order and denied Debtor's motion to have him cited for contempt. The bankruptcy appellate panel affirmed. We independently review the bankruptcy court's legal conclusions *de novo*. *See In re Albrecht*, 233 F.3d 1258, 1260 (10th Cir. 2000). Because we agree with the bankruptcy court that Debtor's

-2-

bankruptcy proceedings did not affect Lowther's lien against the parties' former marital residence, we affirm.

The parties' divorce decree awarded Debtor the couple's marital residence "as her sole and separate property," subject to the condition that she refinance that residence by February 1, 2000, in order to repay Lowther his equity in the property. The decree also gave Lowther a lien against the property. The state court imposed this "equitable lien . . . to secure [Debtor's] obligation to pay a monetary award that represents the consideration for [Lowther's] relinquishment of his . . . interest in the marital estate." *First Cmty. Bank v. Hodges*, 907 P.2d 1047, 1051 n.6 (Okla. 1995). Accordingly, under Oklahoma law, the interest Debtor received in this real property from the divorce decree was already encumbered by Lowther's lien from the outset. *See id.*

The divorce decree further provided that in the event Debtor was unable to obtain timely refinancing, the house should be sold, with Lowther to "receive as his equity the sum of $11,360, regardless of the sale price of the home." Appellant's App., Vol. II-A at 161. Debtor was unable to refinance the residence, and on January 31, 2000, she filed for Chapter 7 bankruptcy relief. In her bankruptcy petition she claimed the marital residence as exempt property, *see* 11 U.S.C. § 522, encumbered only by Bancoklahoma Mortgage Corporation's purchase money mortgage. She listed the $11,360 she owed Lowther as only an

-3-

unsecured claim.  Furthermore, Lowther did not file a proof of this claim in the bankruptcy proceeding.  Debtor contends, therefore, that the bankruptcy court's May 11, 2000, discharge order extinguished the $11,360 debt she owed Lowther, as well as his lien against the former marital residence.

Although the discharge order may have extinguished Debtor's personal liability for that debt, the lien itself passed through the bankruptcy proceeding unaffected.  *See Johnson v. Home State Bank*, 501 U.S. 78, 80, 82-83, 84 (1991); *see also, e.g., Dewsnup v. Timm*, 502 U.S. 410, 418-19 (1992).  This is so even though it encumbered property that Debtor claimed as exempt.  *See Owen v. Owen*, 500 U.S. 305, 308-09 (1991); *Farrey v. Sanderfoot*, 500 U.S. 291, 297 (1991); 11 U.S.C. § 522(c).  The lienholder is not required to file a proof of claim or otherwise participate in the bankruptcy in order to protect his lien.  *See Dewsnup*, 502 U.S. at 417-18; *Chandler Bank v. Ray*, 804 F.2d 577, 579 (10th Cir. 1986); 11 U.S.C. § 506(d) (indicating lien securing claim against debtor will not be void just because no entity filed proof of that claim under 11 U.S.C. § 501).  Furthermore, while a party can bring a lienholder into a bankruptcy proceeding and challenge the lien there, *see Dewsnup*, 502 U.S. at 417-18, Debtor did not do so in this case.

Nevertheless, Debtor now argues that Lowther's lien cannot survive her bankruptcy discharge because he never properly perfected this lien under Oklahoma law by filing the divorce decree in the county in which the marital

residence is located. *See Hodges* , 907 P.2d at 1053-54 & 1053 n.17. She contends that as a result, her discharge order extinguished Lowther's lien under 11 U.S.C. § 544(a). Section 544(a), among other things, gives the bankruptcy trustee the rights of a hypothetical judicial lienholder or bona fide purchaser to avoid other, inferior interests. *See, e.g., Sender v. Simon* , 84 F.3d 1299, 1304 (10th Cir. 1996) *; see also In re LMS Holding Co.* , 50 F.3d 1526, 1527 (10th Cir. 1995). Specifically, § 544 "gives the trustee priority over claims, liens or interests which are not fully perfected at the time the bankruptcy petition is filed." *Gen. Motors Acceptance Corp. v. Rupp,* 951 F.2d 283, 284 (10th Cir. 1991). In this case, however, neither Debtor nor the bankruptcy trustee sought to avoid Lowther's lien under § 544(a). (Nor is it at all clear that such an attempt could have succeeded. *See Watkins v. Watkins* , 922 F.2d 1513 (10th Cir. 1991).) Therefore, the authority she now relies upon is inapposite. *Cf. LMS Holding Co. v. Core-Mark Mid-Continent, Inc.* , 50 F.3d 1520 (10th Cir. 1995) (addressing Chapter 11 debtor-in-possession's adversary proceeding commenced under § 544(a)(1) to avoid creditor's security interest in after-acquired inventory).

Finally, Debtor argues that, in any event, Lowther abandoned his lien in an adversary proceeding he filed in the bankruptcy court seeking to determine the dischargeability of debts that Debtor owed him resulting from the divorce proceedings. *See* 11 U.S.C. § 523(a)(5), (15) (Supp. 2002). We find no such

abandonment.  At a hearing in the proceeding the bankruptcy court asked Lowther's attorney to specify what debt or debts were at issue in the proceeding. After a somewhat confusing colloquy, the court announced that nothing related to the marital home was before the court.  It is clear from this record that Lowther did not abandon in bankruptcy court his lien on the former marital residence. Rather, he chose to enforce that lien in state court, outside the bankruptcy proceedings.  Because this lien passed through Debtor's bankruptcy unaffected, Lowther's pursuing this state-court action did not violate the bankruptcy discharge order.  *See Chandler Bank*, 804 F.2d at 579.

The judgment of the Bankruptcy Appellate Panel is AFFIRMED.


Entered for the Court



Harris L Hartz
Circuit Judge