Dear Office Thornley,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Is the Lake Atoka Reservation Authority required by 82 O.S.Supp. 2000, § 1086.1[82-1086.1] (A)(2) to pay money to Atoka County forwater storage?
¶ 1 In the late 1950's, the City of Oklahoma City condemned land located in Atoka County and constructed Lake Atoka as a water reservoir for the City's use. The lake is maintained and operated by the Lake Atoka Reservation Authority, a public trust established for the City's benefit.
¶ 2 In 1974 the Legislature enacted statutes requiring the development of a comprehensive State water plan. See 1974 Okla. Sess. Laws ch. 25, §§ 1, 2. The present codified version of these statutes begins with the following policy statement:
 All of the people have a primary interest in the orderly and coordinated control, protection, management, conservation, development and utilization of the water resources of the state. The people residing within areas where waters originate benefit from the optimum development and utilization of water within the area of origin. The people in water deficient areas benefit by being able to use excess and surplus waters. The policy of the State of Oklahoma is to encourage the use of surplus and excess water to the extent that the use thereof is not required by people residing within the area where such water originates. In order to maximize the alternatives available for the use and benefit of the public and water-user entities and for the use and benefit of the public and for the general welfare and future economic growth of the state, it is therefore the purpose of this act to provide means for the expeditious and coordinated preparation of a comprehensive state water plan and decennial updates thereof for submission to the Legislature providing for the management, protection, conservation, structural and nonstructural development and utilization of water resources of this state, in accordance with the following principles[.]
82 O.S. Supp. 2000, § 1086.1[82-1086.1] (emphasis added).
¶ 3 Within the original six enumerated principles to be included in the comprehensive water plan is the following provision which is the basis for your question:
 Water should be stored during periods of surplus supply for use during periods of short supply; such storage should be in the area of usage. In such cases where storage in the area of origin may be permitted, the purchasing entities shall pay to the county of origin, in lieu of ad valorem taxes and as part of the total cost of the purchase of the water, an amount computed by averaging the tax on land similar to the land taken off the tax rolls as a result of the construction of such storage facilities within the county of origin[.]
82 O.S. Supp. 2000, § 1086.1[82-1086.1] (A) (emphasis added).
¶ 4 The fundamental principle of statutory construction is to ascertain the underlying legislative intent through an examination of the statute's language. See, e.g., Fuller v.Odom, 741 P.2d 449, 452 (Okla. 1987). In construing a statute, the cardinal rule is to ascertain the intent of the Legislature by considering the language of the statute as a whole in light of its general purpose. See Henry v. City of Muskogee,986 P.2d 1151, 1152 (Okla.Ct.App. 1999) (citing First Cmty. Bank v.Hodges, 907 P.2d 1047, 1053 (Okla. 1995)).
¶ 5 The Oklahoma Water Resources Board was statutorily charged with the duty to prepare and submit to the Legislature the first proposed comprehensive State water plan no later than September 1, 1975 (see 1974 Okla. Sess. Laws ch. 25, § 1), and it is now required to update and resubmit the plan every ten years. See82 O.S. Supp. 2000, § 1086.2[82-1086.2] (1). However, "[t]he Board . . . [has] not . . . [been] authorized to implement the plan or any part or update thereof except by express authorization and consent of the Legislature." Id.
¶ 6 Our review of these water resource statutes has found no legislation approving a water resources plan providing for payments by purchasing entities to the county of origin, in lieu of ad valorem taxes. The language "purchasing entities shall pay [an amount] to the county of origin, in lieu of ad valorem taxes" (id. § 1086.1 (A)(2)) is simply one of six principles to be considered by the Oklahoma Water Resources Board when it submits a comprehensive State water plan to the Legislature for its consideration. See id. § 1086.1 (A). The language is not substantive law which presently operates to require payments "in lieu of ad valorem taxes" by a municipality, or its public trust to a county where water is impounded.[1] Id. §1086.1(A)(2).
¶ 7 It is, therefore, the official Opinion of the AttorneyGeneral that:
 The Lake Atoka Reservation Authority, a public trust for thebenefit of Oklahoma City, is not required by 82 O.S. Supp.2000, § 1086.1[82-1086.1] (A)(2) to pay money to Atoka County for waterstorage at Lake Atoka.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JOHN CRITTENDEN ASSISTANT ATTORNEY GENERAL
[1] Because Okla. Const. art. 10, § 6 provides that all property of municipalities of this State is exempt from taxation, this Opinion does not address whether payments in lieu of ad valorem taxes may be required of a municipality or its public trust.